# Exhibit C

Motion to Withdraw Reference in

Weisshaus v. Maidenbaum

**BERRY LAW PLLC**
745 Fifth Avenue, 5th Floor
New York, New York 10151
Phone: (212) 355-0777
Eric W. Berry
berrylawpllc@gmail.com

**TARTER KRINSKY & DROGIN LLP**
1350 Broadway, 11th Floor
New York, New York 10018
(212) 216-8000
Michael Z. Brownstein, Esq.
mbrownstein@tarterkrinsky.com

*Attorneys for defendants Jonathan A. Stein*
  *and Shalom Maidenbaum*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
POUGHKEEPSIE DIVISION

---------------------------------------------------------X

*In re* AARON FISCHMAN, LLC,

Case No.  23-36038 (CGM)

           Debtor,

---------------------------------------------------------X

YOEL WEISSHAUS,

           Plaintiff,

Adversary Proceeding  23-09024 (CGM)

  - against -

JONATHAN A. STEIN, and SHALOM
MAIDENBAUM, in his individual and official
capacity on behalf of CARDIS ENTERPRISES
INTERNATIONAL B.V. and CARDIS
ENTERPRISES INTERNATIONAL N.V. and
CARDIS ENTERPRISES INTERNATIONAL
(USA), INC.,

           Creditors-Defendants,

  - and -

           **Answer, Affirmative Defenses,**

AARON FISCHMAN**,**

           **Counterclaim and Cross-claim**

           Nominal Defendant.

---------------------------------------------------------X

Defendants Jonathan A. Stein and Shalom S. Maidenbaum, solely in his individual

capacity, by their undersigned attorneys, for their Answer and Affirmative Defenses, and

Maidenbaum, for his Counterclaim and Cross-Claim, allege as follows:

<u>**ANSWER**</u>

1.  Plaintiff is a creditor of Aaron Fischman, the Debtor ("Debtor"), with an unsecured

claim of $64,515.

**<u>Response:</u>**   Deny that Weisshaus is a bona fide, legitimate or arms-length creditor of

Fischman.

2.  At all relevant times, the Debtor is domiciled in Sullivan County.

**<u>Response:</u>**   Deny.

3.   At all relevant times, Cardis Enterprises International B.V. and Cardis Enterprises

International N.V. were located in the Netherlands, Canada, and Israel ("Cardis").

**<u>Response:</u>**   Deny.

4.  At all relevant times, Cardis Enterprises International (USA), INC. ("Cardis USA")

was addressed in Nassau County, a corporation created by Defendant Maidenbaum and by

Defendant Stein, naming the Debtor as its CEO and registered agent.

**<u>Response:</u>**   Deny.

5.   At all relevant times, Cardis was a startup company that developed software of credit

card processing technology based on several patents it had registered with the United States

Patent and Trademark Office.

**<u>Response:</u>**   Deny information and belief sufficient to answer to the allegation.

6.  Utilizing a series of four confessions of judgment, Defendant Maidenbaum in his

individual capacity and Jonathon Stein usurped Cardis from its shareholders and using a series of

2

judgments against the Debtor, making it impossible for any creditor to conduct any business with the Debtor or creating a payment plan for any debt.

**Response:**   Deny.

7.   In particular, at least three (3) out of the five (5) creditors listed in the petition of this action have a consensus that the Debtor and valid creditors can successfully reach a reorganization of the Debtor's finances if the claims presented herein are determined by the Court.

**Response:**   Deny.

8.   Jurisdiction is proper as Plaintiff, a Creditor, seeks a core determination pursuant to 28 USC 157(2)(B) as to whether to allow the claims of Defendants to hamper the creditors from achieving a consensual reorganization of the Debtor's estate.

**Response:**   Neither admit nor deny since the allegation consists solely of legal conclusions for which no answer is required.

9.   Jurisdiction is proper as Plaintiff, a Creditor, seeks a core determination pursuant to 28 USC 157(2)(H) to determine the claims of Defendants as arising from a fraudulent conveyance of confessions of judgment that were never funded.

**Response:**   Neither admit nor deny since the allegation consists solely of legal conclusions for which no answer is required.

10.   Venue is proper as Plaintiff, a Creditor, seeks a core determination pursuant to 28 USC 157(2)(E) and (H) to account and turn over property of the Debtor to the estate, in which Defendant has levied and not recorded a reduction of debt to the Debtor.

**Response:**   Neither admit nor deny since the allegation consists solely of legal

3

conclusions for which no answer is required.

11.   Jurisdiction is proper as Plaintiff, a Creditor, seeks a core determination pursuant to 28 USC 157(2)(K) to reject the validity of certain claims and liens that Defendants have against the Debtor's Estate.

**Response:**   Neither admit nor deny since the allegation consists solely of legal conclusions for which no answer is required.

12.   Jurisdiction is proper pursuant to 28 USC 1334 as Plaintiff, a Creditor, seeks relief from the Court to extent that the Court will abstain from deciding the claims presented in this adversary action, to grant relief to Plaintiff to pursue all remedies available to Plaintiff in State forum to obtain a full determination of all the claims presented in this adversary action.

**Response:**   Neither admit nor deny since the allegation consists solely of legal conclusions for which no answer is required.

13.   Venue is proper as this proceeding is present in the District in which the Debtor is domiciled.

**Response:**  Deny

14.   The Defendants claim to have four confessions of judgment against the Debtor, which are contested:

a. A confession of judgment in the principal amount of $275,000 ("$275k judgment") *Shalom S. Maidenbaum, v. Cardis Enterprises International, B.V., Cardis Enterprises International, N.V., Cardis Enterprises International (USA), INC., Choshen Israel LLC, Aaron Fischman*, Supreme Court of Nassau County, Index No. 604766/2016 (currently assigned to Hon. Danielle Peterson)

b. A confession of judgment in the principal amount of $2,000,000 ("$2-million judgment") *Shalom S. Maidenbaum, v. Cardis Enterprises International, B.V., Cardis Enterprises International, N.V., Cardis Enterprises International (USA), INC., Choshen Israel LLC, Aaron Fischman*, Supreme Court of Nassau County, Index No. 604610/2016 (currently assigned to Hon. Bruce Cozzens).

c. A confession of judgment in the principal amount of $250,000 ("$250k judgment") *Shalom S. Maidenbaum, v. Aaron Fischman,* Index No. 604767/2016 (currently not assigned to any judge).

d. A confession of judgment in the principal amount of $50,000 ("$50k judgment") *Shalom S. Maidenbaum, v. Aaron Fischman,* Index No. 604768/2016 (currently not assigned to any judge)

**Response:**   Deny that the judgments are contested.

15.   There are presently pending two separate actions in the State forum seeking to declare these confessions of judgment as void *ab initio*. These actions are:

a. A counterclaim by Nina Fischman in the action captioned as *Shalom S. Maidenbaum v. Nina Fischman, Mommy Sauce Irrevocable Trust, Cardis Enterprises International, B.V., Cardis Enterprises International, N.V., Cardis Enterprises International (USA), Inc., Choshen Israel LLC, Aaron Fischman, Merrill Lynch Pierce Fenner & Smith Incorporated, Bank Of America, N.A., TD Bank, N.A. and M&T Bank Corp.*, Index No. 601538/2021 (assigned to the Hon. Danielle Peterson). A motion for default judgment (Seq. 7) by Nina Fischman is currently fully submitted, which seeks to declare the $275k and $2-million judgments as null and void.

b. A plenary action by the Debtor captioned as, *Aaron Fischman and Choshen Israel Group, LLC, Jonathan A. Stein, and Shalom Maidenbaum in his individual and official capacity on behalf of Cardis Enterprises International B.V. and cardis enterprises international N.V. and Cardis Enterprises International (USA), Inc.* Index No. 608120/2022 (assigned to the Hon.

Danielle Peterson), which is a declaratory judgment action by the judgment Debtor seeking to declare the judgments by Defendants as null and void.

**Response:**    Admit that there are proceedings which the above referenced index numbers have been assigned; assert that the allegations made by Mr. and Mrs. Fischman in those proceedings are incomprehensible; and deny that the confessions of judgments that Mr. Fischman voluntarily signed are neither null nor void.

16.   Due to the Honorable Justice Peterson having been away for over one year due to cancer, a decision on the validity of judgments was delayed, and the Defendants took advantage of this unfortunate situation of Justice Peterson to persist with enforcement of judgments and garnishing any money and assets of the Debtor, leaving creditors like Plaintiff with no other viability but to bring the matter before this Court and secure the property of the Debtor for the benefit of all creditors.

**Response:**   Deny.

17.   On May 4, 2015, the Debtor purportedly signed a confession of judgment stating, "This confession of judgment is for a debt justly due to the plaintiff Shalom S. Maidenbaum, arising from a promissory note (the "Note") executed by Cardis BV, Cardis NV, Cardis USA and Choshen on February 23, 2015 and personally guaranteed by me on the same date, with interest

at an annual percentage rate of eight percent (8% )." The confession also states "Accordingly, we hereby confess judgment, jointly and severally, pursuant to CPLR § 3218, in favor of Shalom S. Maidenbaum in the sum of Two Hundred Seventy-Five Thousand Dollars ($275,000.00) with interest at the rate of twelve percent (8%) from February 23, 2015 to and including April 30, 2015, and thereafter, at the rate of twenty-four percent (24%), until such time as judgment is entered, and thereafter, at the statutory rate of nine percent (9%) until such time as the entire obligation is paid in full." Attached as **Exhibit C** is a true copy of the confession of $275k judgment.

> **Response:**     Deny that the signature is purported; and therefore deny.

18.   The confession of $275k judgment bears the notary signature of the Defendant Jonathon Stein ("Stein").

> **Response:**   Admit.

19.   Absent from the confession of the $275k judgment are the specific facts of its purported promissory note, such as the amount of the promissory note, and any indicia of the nature of the debt of the promissory note (*i.e.,* a loan of money, compensation for goods or services, the nature of the guarantee, or etc.).

> **Response:**   Deny.

20.   On June 23, 2016, Defendant Stein filed for Defendant Maidenbaum the confession of the $275k judgment.

> **Response:**   Admit.

21.    On June 28, 2016, the Clerk of the Court for Nassau County entered judgment in the amount of $355,542,98. Attached as **Exhibit D** is a true copy of the $275k judgment.

**Response:**   Admit.

22.   On May 4, 2015, the Debtor purportedly signed a second-identical confession of judgment stating, "This confession of judgment is for a debt justly due to the plaintiff Shalom S. Maidenbaum, arising from a promissory note (the "Note") executed by Cardis BV, Cardis NV, Cardis USA and Choshen on February 23, 2015 and personally guaranteed by me on the same date, with interest at an annual percentage rate of eight percent (8% )." The confession also states "Accordingly, we hereby confess judgment, jointly and severally, pursuant to CPLR § 3218, in favor of Shalom S. Maidenbaum in the sum of Two Million Dollars ($2,000,000.00) with interest at the rate of twelve percent (8%) from February 23, 2015 to and including April 30, 2015, and thereafter, at the rate of twenty-four percent (24%), until such time as judgment is entered, and thereafter, at the statutory rate of nine percent (9%) until such time as the entire obligation is paid in full." Attached as **Exhibit E** is a true copy of the confession of $2 million judgment.

**Response:**   Deny that the signature was purported or that the confession of judgment was identical to another, and therefore deny.

23.   This $2-million confession of judgment also bears the notary signature of the Defendant Stein.

**Response:**   Admit

24.   Absent from the confession of the $2-million judgment are the specific facts of its purported promissory note, such as the amount of the promissory note, and any indicia of the nature of the debt of the promissory note (i.e., a loan of money, compensation for goods or services, the nature of the guarantee, or etc.).

**Response:**  Deny.

25.   On June 21, 2016, Defendant Stein registered for Defendant Maidenbaum the confession of the $2 million judgment. The action is captioned as *Shalom S. Maidenbaum, v. Cardis Enterprises International, B.V., Cardis Enterprises International, N.V., Cardis Enterprises International (USA), INC., Choshen Israel LLC, Aaron Fischman,* Index No. 604610/2016.

**Response:**    Deny, since Stein did not register the confession of judgment, and instead filed it in the Nassau County Clerk's office.

26.   On June 21, 2016, the Clerk of the Court for Nassau County entered judgment in the amount of $2,576,442,78. Attached as **Exhibit F** is a true copy of the $2 million judgment.

**Response:**  Admit

27.   On December 24, 2015, the Debtor purportedly signed a third-identical confession of judgment stating, "This confession of judgment is for a debt justly due to the plaintiff Shalom S. Maidenbaum, arising from a promissory note (the "Note") executed by me on May 4, 2015, with interest at an annual percentage rate of eight percent (8%)." The confession also states "Accordingly, I hereby confess judgment, pursuant to CPLR § 3218, in favor of Shalom S. Maidenbaum in the sum of Two Hundred Fifty Thousand Dollars ($250,000.00) with interest at the rate of eight percent (8%) from June 19, 2015 to and including September 30, 2015, and thereafter, at the rate of sixteen percent (16%), until such time as judgment is entered, and thereafter, at the statutory rate of nine percent (9%) until such time as the entire obligation is paid in full." Attached as **Exhibit G** is a true copy of the confession of $250k judgment.

9

**Response:**  Deny that the signature was purported or that the confession of judgment was identical to another, and therefore deny.

28.   The confession of the $250k judgment also bears the notary signature of the Defendant Stein.

**Response:**  Admit.

29.   Absent from the confession of the $250k judgment are the specific facts of its purported promissory note, such as the amount of the promissory note, and any indicia of the nature of the debt of the promissory note (*i.e.*, a loan of money, compensation for goods or services, the nature of the guarantee, or *etc.*)

**Response:**  Deny.

30.   On June 24, 2016, Defendant Stein registered for Defendant Maidenbaum the confession of the $250k judgment. The action is captioned as *Shalom S. Maidenbaum, v. Aaron Fischman,* Index No. 604767/2016. Attached as **Exhibit H** is a true copy of the $250k judgment.

**Response:**  Deny, since Stein did not register the confession of judgment, and instead filed it in the Nassau County Clerk's office.

31.   On June 28, 2016, the Clerk of the Court for Nassau County entered judgment in the amount of $285,500.17.

**Response:**  Admit.

32.   On December 24, 2015, the Debtor purportedly signed a fourth-identical confession of judgment stating, "This confession of judgment is for a debt justly due to the plaintiff Shalom S. Maidenbaum, arising from a promissory note (the "Note") executed by me on May 4, 2015, with interest at an annual percentage rate of eight percent (8%)." The confession also states

"Accordingly, I hereby confess judgment, pursuant to CPLR § 3218, in favor of Shalom S. Maidenbaum in the sum of Two Hundred Fifty Thousand Dollars ($50,000.00) with interest at the rate of eight percent (8%) from June 19, 2015 to and including September 30, 2015, and thereafter, at the rate of sixteen percent (16%), until such time as judgment is entered, and thereafter, at the statutory rate of nine percent (9%) until such time as the entire obligation is paid in full." Attached as **Exhibit I** is a true copy of the confession of $50k judgment.

    <u>**Response:**</u>   Deny that the signature was purported or that the confession of judgment was identical to another, and therefore deny.

    33.   The confession of the $50k judgment also bears the notary signature of the Defendant Stein.

    <u>**Response:**</u>   Admit

    34.   Absent from the confession of the $50k judgment are the specific facts of its purported promissory note, such as the amount of the promissory note, and any indicia of the nature of the debt of the promissory note (*i.e.,* a loan of money, compensation for goods or services, the nature of the guarantee, or etc.)

    <u>**Response:**</u>   Deny.

    35.   On June 24, 2016, Defendant Stein registered for Defendant Maidenbaum the confession of the $50k judgment. The action is captioned as *Shalom S. Maidenbaum, v. Aaron Fischman*, Index No. 604768/2016.

    <u>**Response:**</u>   Deny, since Stein did not register the confession of judgment, and instead filed it in the Nassau County Clerk's office.

    36.   On June 28, 2016, the Clerk of the Court of Nassau County entered judgment in the

amount of $57,054.85. Attached as **Exhibit J** is a true copy of the $50k judgment.

    **Response:**   Admit.

    37.   On March 13, 2023, Defendant Stein, on behalf of Defendant Maidenbaum, brought a motion to register a non-final judgment of attorney fees incurred in the State of Israel in the amount of $185,443.70. The action is captioned as *Shalom S. Maidenbaum, v. Aaron Fischman*, Supreme Court of Sullivan County, Index No. E2023-395. Attached as **Exhibit K** is a true copy of the motion.

    **Response:**   Deny that the judgment was non final, and therefore deny.

    38.   The aforementioned confessions of judgment were filed without any attachment of a promissory note or agreement creating the purported debts.

    **Response:**   Assert that the allegation is incoherent, and therefore deny.

    39.   In post judgments filings scattered across several courts, there were filings made by the Debtor that illuminate a partnership between Defendant Stein and Defendant Maidenbaum.

    **Response:**   Assert that the allegation is incoherent, and therefore deny.

    40.   An "Agreement" combined with a "Promissory Note," each dated December 8, 2010 (referred to as the "2010 Agreement and Promissory Note" or "2010 Agreement" or "2010 Promissory Note"), purport as follows:

    a. Defendant Stein and Defendant Maidenbaum are 50% partners in the interests they claim to hold in Cardis.

    b. In the 2010 Agreement, Defendant Stein and Defendant Maidenbaum claim to have loaned $650,000 to Cardis.

    c. In the 2010 Promissory Note, Defendant Stein and Defendant Maidenbaum claim to

have loaned $775,000 to Debtor.

d. In the 2010 Agreement and Promissory Note, Defendants that the Debtor is a personal guarantor to such obligations.

e. In the 2010 Agreement, Defendant Stein and Defendant Maidenbaum demand that the Debtor guarantee to them a 12.5% shareholder lead in Cardis.

f. Attached as **Exhibit L** is a true copy of the 2010 Agreement and Promissory Note.

**Response:**   Deny since defendants' agreement was with Cardis and Choshen, and Fischman signed it the agreement on behalf of Cardis and Choshen; further assert that the allegation is incoherent, and therefore deny.

41.   An "Agreement" dated February 28, 2011 (referred to as "2011 Agreement") purport as follows:

a. Defendant Stein and Defendant Maidenbaum are equal partners in the stocks and warrants in Cardis.

b. In the 2011 Agreement, Defendant Stein and Defendant Maidenbaum claim to have loaned $740,000 to Cardis.

c. The 2011 Agreement represents that the Debtor is a personal guarantor of such obligations.

d. In the 2011 Agreement, Defendant Stein and Defendant Maidenbaum demand that the Debtor guarantee them that they maintain a 12.5% shareholder lead in Cardis.

e. Attached as **Exhibit M** is a true copy of the 2011 Agreement.

**Response:**   Deny since defendants' agreement was with Cardis and Choshen, and Fischman signed the agreement on behalf of Cardis and Choshen; further assert that the

allegation is incoherent, and therefore deny.

42.   In subsequent filings, Defendants represented that the promissory notes for each of the confessions of judgment are rooted in the 2010 Agreement and Promissory Note and the 2011 Agreement.

**Response:**   Deny, and in particular deny that defendants have ever used the term "rooted" in a "filing"; otherwise deny as incomprehensible.

43.   In a promissory note for $250,000, dated May 4, 2015, between the Debtor and Defendant Maidenbaum, Defendant Stein and Defendant Maidenbaum are listed as "founders" of Cardis, each pledging "founders stock" to themselves. Attached as **Exhibit W** is a true copy of the promissory note.

**Response:**   Deny, and assert that the term "Founders' stock" denominates stock deemed to be the property of the individuals or entities that form a corporation.

44.   As stated above, each of the confessions of judgment do not state the facts purporting the amount and the nature of each of the promissory notes supporting such judgment.

**Response:**   Deny.

45.   On May 16, 2018, Defendant Maidenbaum filed a RICO Action₁ against the Debtor claiming that Cardis was a racketeering enterprise. In the original complaint, Defendant Maidenbaum alleged that "From on or about June 18, 2009 to on or about September 10, 2015 Plaintiff [Maidenbuam] deposited sums of money in excess of $3,000,000 into the aforesaid attorney escrow accounts for the sole purpose of investing into various business ventures of Aaron Fischman." The RICO action is captioned as *Shalom S. Maidenbaum v. Aaron Fischman; Nina Fischman; Lawrence Katz; The Law Office of Lawrence Katz, PC; The Law Office of*

*Lawrence Katz, Esq., PLLC; and Choshen Israel Group, LLC. USDC Eastern District of New York*, docket no. 18-CV-2911 (NGG) (RER). Attached as **Exhibit N** is a true copy of the original complaint in the RICO action.

 **Response:**   Admit.

 46.   On June 14, 2019, Defendant Maidenbaum filed a proposed amended complaint in the RICO action, stating that "Between in or about 2006 and September 20 I 5 Mr. Maidenbaum tendered dozens of checks to Katz for investment in either Cardis or Epoint,₃ in excess of $2,000,000.00. Many of the checks, or portions of many, were diverted by Aaron Fischman and Katz to Nina Fischman, Choshen or places unknown, other than the intended targets of investment. Upon information and belief only $625,000.00 of the $1,550,000.00 earmarked for Epoint was actually deposited into Epoint's account. None of the $850,000.00 earmarked for Cardis was deposited into Cardis's account." Attached as **Exhibit O** is a true copy of the proposed amended complaint in the RICO action.

 **Response:**   Deny, and assert that the amendment was proposed, rather than filed.

 47.   On June 14, 2019, an attorney for Defendant Maidenbuam filed a deceleration in the RICO action stating "The total amount tendered by the plaintiff for investments in either Cardis or Epoint totaled $2,400,000. More specifically, $850,000 was to be invested in Cardis and $1,550,000 was to be invested in Epoint, of which only $625,000 made it to Epoint accounts. The other $925,000 was diverted by Defendants." Attached as **Exhibit P** is a true copy of the deceleration.

 **Response:**   Deny, and refer the Court to the content of the declaration cited by this allegation.

48.   On September 13, 2020, Defendant Stein filed an affirmation in the action of the $2

million judgment stating, "I personally invested [in Cardis] $100,000.00 of my money with

Defendant Fischman, my brother invested $125,000.00, my mother invested $150,000,00 and

various friends and relatives invested hundreds of thousands of additional dollars." Notably, at

the same time while besmearing the Cardis venture, Defendant Stein does not disclose that he

was a founder of Cardis. Attached as **Exhibit Q** is a true copy of the affirmation.

   **Response:**   Deny.

49.   On February 8, 2021, Defendant Maidenbaum filed a verified petition for a turnover

 proceeding stating "Maidenbaum obtained promissory notes, guaranties and confession of

judgments, rather than investment securities, in exchange for the funding he provided." The

turnover proceeding is captioned as *Shalom S. Maidenbaum, v. Nina Fischman, Mommy Sauce*

*Irrevocable Trust, Cardis Enterprises International, B.V., Cardis Enterprises International,*

*N.V., Cardis Enterprises International (USA), Inc., Choshen Israel LLC, Aaron Fischman,*

*Merrill Lynch Pierce Fenner & Smith Incorporated, Bank Of America, N.A., TD Bank, N.A. and*

*M&T Bank Corp*., Supreme Court of Nassau County, Index no. 601538/2021. Therein,

Defendant Maidenbaum alleges that a total of "$2,194,170 received into Katz's HSBC IOLA

Account were proceeds Maidenbaum's loans." Attached as **Exhibit R** is a true copy of the

petition.

   **Response:**   Deny, assert that the quoted statements were among many allegations in the

petition, and refer to the Court the actual petition for its contents.

50.   Attached to the turnover petition, Defendant Maidenbaum submitted an exhibit

purporting to show that Defendant Maidenbaum advanced "$2,488,000" as loans/investments in

Cardis. Attached as **Exhibit S** is a true copy of such exhibit created by Defendant Maidenbaum.

**Response:**   Deny, assert that the quoted statement was among many allegations in the petition, and refer to the Court the actual petition for its contents.

51.   On June 10, 2022, Defendant Maidenbaum filed an amended petition in the turnover proceeding stating, "On February 23, 2015, Cardis, Choshen and Aaron Fischman executed and delivered two separate promissory notes. One of these notes." "Maidenbaum evidenced a total debt of $2 million and replaced prior notes that (a) Maidenbaum funded in amounts totaling $1.625 million, and (b) also entitled Maidenbaum to $1,314,614 in accrued interest." "('This Note shall supercede [*sic*] all prior Notes, other than a Note of even date covering a separate obligation by Payor in the principal sum of Two Hundred Seventy-Five Thousand Dollars')." "Thus, Cardis received substantial consideration consisting of an extension of the maturity date (forbearance of the right to sue), and forgiveness of $949,614 in interest. The other note executed and delivered on February 23, 2015 ..., which was in the amount of $275,000.00, evidenced the obligation to repay loans that, as the note recited, Maidenbaum made in the amounts of $100,000 on October 7, 2014, another $100,000 on November 7, 2014 and $75,000 on February 23, 2015 … Consideration exists for the $275,000 note since it was executed simultaneously with an additional $75,000 in funding from Maidenbaum. Neither note was paid at maturity or thereafter. Judgments by confession were jointly and severally against Cardis, Choshen and Aaron Fischman in the amount of $2,576,442.78 on June 21, 2016 and $355,542.98 on June 28, 2016."

**Response:**   Deny, assert that the quoted statements were among many allegations in the amended petition, and refer to the Court the petition for its actual contents.

52.   On September 8, 2023, Defendant Maidenbaum filed a motion to dismiss the

17

Chapter 11 of Choshen Group Israel LLC, docket number 23-35636(CGM) stating, "Maidenbaum provided ample consideration in exchange for these promissory notes. The consideration for the $2 million note was loans totaling $1,350,000 made years earlier to Cardis (and large outstanding interest payments), and novated in 2015. The consideration for the $275,000 note was new loans to Cardis totaling $275,000." "Maidenbaum was a substantial, though overly trusting, source of funds for Cardis. In addition to the loans underlying the judgments, Maidenbaum also made equity investments in Cardis totaling f [sic] $2,381,000. The checks for all the funds that Maidenbaum provided to Cardis—both as loans and as equity—are annexed as Exhibit 8 and a spreadsheet summarizing all the loans and the equity investments is annexed as Exhibit 9." Attached as **Exhibit U** is a true copy of the motion to dismiss.

**Response:**   Deny, assert that the quoted statements were among many statements in the motion, and refer the Court to the motion for its actual contents.

53.   On December 18, 2023, Defendant Maidenbuam filed a sur reply in the turnover proceeding stating that "On December 8, 2016 Maidenbaum and Fischman, acting on behalf of Choshen and Cardis, entered into a written agreement … that designated $775,000 of the $1,625,000 in advances that Maidenbaum provided as 'loans to Cardis,' and the remaining $850,000 as for 'direct stock purchases from Choshen of Cardis' stock'—i.e., equity." Attached as **Exhibit V** is a true copy of the sur reply filed by Defendant Maidenbaum.

**Response:**   Deny, assert that the quoted statement was among many in an attorneys affirmation, and refer to the Court the affirmation for its actual contents.

54.   Plaintiff is a Creditor with a claim of $64,515.

**Response:**   Deny that Weisshaus is a bona fide, legitimate or arms-length creditor of

18

Fischman.

55.   "It appears that every court that has addressed this issue has found that a confession of judgment is a judicial lien." *In re Higgins*, 270 BR 147, 154 [Bankr SDNY 2001]. This affects the Plaintiff as an unsecured creditor since Defendant Maidenbaum has attached the $2 million judgment, the $275k judgment, the $250k judgment and the $50k judgment as a secured lien on any property in which the Debtor has an alleged interest. This includes a residential property of the Debtor in Nassau County ($1,000,000+), a residential property of the Debtor in Sullivan County ($500,000+), and a residential condominium in Tel Aviv of the State of Israel ($4,000,000+). Upon information and belief, the value of these three properties combined fall short of allowing unsecured creditors from obtaining a share in the equity, thus reducing Debtors chances of having Plaintiff's claims satisfied.

   **Response:**   Assert that the allegation consists solely of legal conclusions for which no answer is required, and therefore deny.

56.   Pursuant to CPLR 5015(a), an "interested party" has standing to move to vacate a judgment based on a confession of judgment. "The strict requirements for entry of a judgment by confession [pursuant to CPLR 3218] are intended for the protection of third persons, notably other creditors of the debtor who might be prejudiced by a collusively confessed judgment, rather than for the debtor." *Gold v Comm. on Professional Standards, Third Jud. Dept*., 85 AD2d 776, 777 [3d Dept 1981]. As such, Plaintiff as a third-party creditor has standing to scrutinize a confession of judgment that was entered pursuant to CPLR 3218.

   **Response:**   Assert that the allegation consists solely of legal conclusions for which no answer is required, and therefore deny.

57.   In the context of bankruptcy, each creditor is in a position of an interested party, since a bankruptcy is conclusive on a Debtor's liabilities and a creditor's inaction has the preclusive effect of barring the creditor from ever recovering from the Debtor.

**Response:**   Neither admit nor deny since the allegation consists solely of legal conclusions for which no answer is required.

58.   In particular, Plaintiff has standing as a creditor, since the disallowance of claims by Defendants has the chances of improving the Debtor's chances of reorganizing itself, especially since the Defendants claims are hampering the Debtor's reorganization and rehabilitation.

**Response:**   Assert that the allegation consists solely of legal conclusions for which no answer is required, and therefore deny.

**Responding to the First Claim for Relief (requesting a Declaratory Judgment):**

59.   Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 58 of this Complaint with the same force and effect as if fully set forth at length herein.

**Response:**   Defendants incorporate by reference the responses to paragraphs 1-58.

60.   "The right to enter judgment, based upon a statement of confession, is derived from the statute and is dependent upon strict compliance with the pertinent statutory provisions. The courts have made it plain that the requirement that the affidavit state the facts underlying the obligation is designed for the protection of third persons who might be prejudiced in the event that a collusively confessed judgment is entered, rather than for the protection of the defendant." County Nat. Bank v Vogt, 28 AD2d 793, 794 [3d Dept 1967], *affd sub nom.* 21 NY2d 800 [1968].   The "formal objection to the statement should be distinguished from the question whether the transaction was bona fide. A junior judgment creditor, mortgagee or purchaser for

value without knowledge of the judgment may vacate the confessed judgment if the affidavit is formally insufficient, whether or not the transaction was in fact bona fide." *Id.*

    **Response:**   Neither admit nor deny since the allegation consists solely of legal conclusions for which no answer is required.

    61.   "The statement of confession here is clearly insufficient since no information is given as to the amount of the loan, the date of the loan, the amount of repayment, if any, or how much of the amount confessed is principal or interest." *Id.*

    **Response:**   Neither admit nor deny since the allegation consists solely of legal conclusions for which no answer is required.

    62.   All the confessions of judgment registered as judgments by Defendants do not state concisely the nature of the debt, the amount of the loan, the date of the loan, the amount of repayment, if any, or how much of the amount confessed is principal or interest.

    **Response:**   Deny.

    63.   A live controversy persists entangling the parties over who is a legitimate creditor of the Debtor.  The only leverage Defendants have in alleging to be a creditor of the Debtor are the purported judgments, all arising from confessions of judgment that fail to state concisely the nature of the debt, the amount of the loan, the date of the loan, the amount of repayment, if any, or how much of the amount confessed is principal or interest.

    **Response:**   Deny.

    64.   Wherefore, Plaintiff requests that the Court settle the issue once for all and decide the validity of the confessions of judgment. A decision by the Court will allow valid creditors and the Debtor to recognize.

**Response:**   Assert that the allegation consists solely of legal conclusions for which no answer is required, and therefore deny.

65.    It is time to place Defendants out of their misery all arising from their own failed ventures as cofounders of Cardis. The confessions of judgment are void ab initio as it fails to comply with the strict requirements of CPLR 3218.

**Response:**   Assert that the allegation consists solely of legal conclusions for which no answer is required, and therefore deny.

**Responding to the Second Claim for Relief (Alleging Non-Compliance with Executive Law §138)**

66.   Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 65 of this Complaint with the same force and effect as if fully set forth at length herein.

**Response:**   Defendants incorporate by reference the responses to paragraphs 1-65.

67.   Pursuant to RPAPL 301[a] "The certificate of the acknowledgment or of the proof of a conveyance, or the record, or the transcript of the record, of such a conveyance, is not conclusive, and it may be rebutted, and the effect thereof may be contested, by a party affected thereby."

**Response:**   Neither admit nor deny since the allegation consists solely of legal conclusions for which no answer is required.

68.   Pursuant to Executive Law 138 "A notary public… who is a stockholder, director, officer or employee of a corporation may take the acknowledgment or proof of any party to a written instrument executed to or by such corporation, or administer an oath to any other stockholder, director, officer, employee or agent of such corporation, and such notary public may protest for non-acceptance or non-payment, bills of exchange, drafts, checks, notes and other

negotiable instruments owned or held for collection by such corporation; but **none of the officers above named shall take the acknowledgment or proof of a written instrument by or to a corporation of which he is a stockholder**, director, officer or employee, **if such officer taking such acknowledgment or proof be a party executing such instrument**, **either individually or as representative of such corporation**, **nor shall a notary public protest any negotiable instruments owned or held for collection by such corporation**, **if such notary public be individually a party to such instrument, or have a financial interest in the subject of same**." Executive Law § 138 (emphasis added).

**Response:**  Neither admit nor deny since the allegation consists solely of legal conclusions for which no answer is required.

69.   The 2010 Agreement and Promissory Note itself demonstrate that Defendant Stein is a partner with Defendant Maidenbaum in all the investments and loans that Defendant Maidenbaum has purportedly made to Cardis.

**Response:**  Deny.

70.   The 2011 Agreement itself demonstrate that Defendant Stein is a partner with Defendant Maidenbaum in all the investments and loans that Defendant Maidenbaum has purportedly made to Cardis.

**Response:**  Deny.

71.   Defendant Maidenbaum has acknowledged that the 2010 Agreement and Promissory Note and 2011 Agreement have "novated" in 2015 into the promissory notes upon which the confessions of judgment are mastered. Attached are true copies as **Exhibit W** the promissory note for $250k, **Exhibit X** of the promissory note of $2 million, **Exhibit Y** of the promissory

23

note for $275k, and **Exhibit Z** the promissory note for $50k (together as "2015 promissory notes").

   **Response:**   Assert that the allegation is incomprehensible, and therefore deny; and further assert that the 2015 promissory note is supported by valid prior consideration, including the modification of past obligations to Fischman.

   72.   The Debtor's signatures in each: the 2010 Agreement and Promissory Note, 2011 Agreement, the 2015 promissory notes, and the confessions of judgment were all notarized by Defendant Stein, a party to each of these instruments.

   **Response:**   Deny.

   73.   Pursuant to Executive Law 138, Defendant Stein as a partner with Defendant Maidenbaum was disqualified from notarizing in its own benefit: the 2010 Agreement and Promissory Note, 2011 Agreement, the 2015 promissory notes, and the confessions of judgment.

   **Response:**   Deny, and further assert that the allegation consists solely of legal conclusions for which no answer is required.

   74.   A notary's "interest in the transaction … rendered [the affidavit] null and void because he had a 'direct and pecuniary interest' in the case." *Alfieri v Guild Times Pension Plan*, 446 F Supp 2d 99, 111-12 [EDNY 2006].

   **Response:**  Neither admit nor deny since the allegation consists solely of legal conclusions for which no answer is required.

   75.   Defendant Stein as a partner with Defendant Maidenbaum in the purported debt of the Debtor rendered the confessions of judgment as null and void.

   **Response:**   Deny.

76. Pursuant to CPLR 3218[a], a confession of judgment is only valid if it is based "upon an affidavit executed by the defendant."

**Response:**   Neither admit nor deny since the allegation consists solely of legal conclusions for which no answer is required.

77. Here, the fact that Defendant Stein, who is a partner to the confessions of judgment, notarized the affidavits of the confessions, rendered the confessions as void ab initio.

**Response:**   Deny.

78. "Accordingly, for parties to execute a Confession of Judgment, they must first state in an affidavit, signed by the defendant before a notary administering the oath, … the sum for which judgment may be entered, authorize the entry of judgment, and state the county where the defendant resides or if he is a non-resident, the county in which entry is authorized." *In re Thiessen*, 606 F Supp 3d 65, 69 [SDNY 2022].

**Response:**   Neither admit nor deny since the allegation consists solely of legal conclusions for which no answer is required.

79. Without an affidavit, the Defendants have no confession, and their entire series of confessions of judgment are void ab initio.

**Response:**   Assert that the allegation is incoherent, that the documents at issue are affidavits sworn to by Fischman, and that the judgments by confession entered in Maidenbaum's favor are valid, and therefore deny.

80. A live controversy persists entangling the parties over who is a legitimate creditor of the Debtor. The only leverage Defendants have in alleging to be a creditor of the Debtor are the purported judgments, all arising from confessions of judgment that were not notarized by a

disinterested party to the instrument.

**Response:**   Assert the allegations consists solely of legal conclusions for which no answer is required, and therefore deny.

81.   "Rather, those affidavits constituted evidence admitted in judicial proceedings to prove that the signatures collected were valid. Since the candidate was an interested party both in the outcome of the proceedings and on the issue of whether she acted properly in notarizing the affidavits in question, those affidavits were nullities." *Braunfotel v Feiden*, 172 AD3d 1451, 1453 [2d Dept 2019].

**Response:**    Neither admit nor deny since the allegation consists solely of legal conclusions for which no answer is required.

82.   Wherefore, Plaintiff requests that the Court settle the issue once for all and decide the validity of the confessions of judgment. A decision by the Court will allow valid creditors and the Debtor to recognize.

**Response:**   Assert the allegation consists solely of legal conclusions for which no answer is required, and therefore deny.

83.   Defendants have no verifiable claim, but judgments based on confessions that were in essence confessed, not before a notary, but to the judgment creditor himself. That is not a voluntary confession but more akin to an extortion.

**Response:**   Assert the allegations are incomprehensible, and therefore deny.

**Responding to the Third Claim for Relief (Alleging Fraud):**

84.   Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 83 of this Complaint with the same force and effect as if fully set forth at length herein.

26

**Response:**   Defendants incorporate by reference the responses to paragraphs 1-84.

85.   "The statutory requirement that an affidavit of confession of judgment state concisely the facts out of which the debt arose and show that the sum confessed is justly due or to

become due, is designed to protect innocent third parties who might be prejudiced in the event that a collusively confessed judgment is entered." *Balahtsis v Shakola*, 197 AD3d 547, 547-48 [2d Dept 2021].

**Response:**   Neither admit nor deny since the allegation consists solely of legal conclusions for which no answer is required.

86.   The amounts represented by each of the confessions of judgment are inconsistent with CPLR 3218 as they do not properly apprise third parties, like Plaintiff as a Creditor, of the liability the Debtor confessed.

**Response:**  Deny

87.   A third party investigating the amounts of the confessions of judgment is left baffled as to the genuineness of the confessions of judgment. The post judgment statements Defendants made in regard to the nature of the debt, coupled with the contradictory statements that shift of whether these confessions of judgment arise from a purchase of stock or direct loans to Cardis, and the fact that Defendants are cofounders of Cardis. The nature of such statements leaves a third party with no ability to verify the genuineness of each confession of judgment.

**Response:**     Assert that the allegations are incomprehensible, and therefore deny.

88.   For instance, a third party investigating the claims made by Defendants would be guided by common knowledge that the act of purchasing stock in a corporation is an act of

acquiring an asset/equity. The knowledge that a third party has is that the person holding an asset in a corporation is not holding a loan from a bona fide lender with a right of repayment with compounded interest, but such asset may call for a preferred return of the amount of capital contribution and a fair percentage of the equitable distribution. The circumstances presented by Defendants as to how they acquired stock in Cardis, of which they are cofounders, and the amounts of the capital contribution being a loan generating interest, are circumstances that a third party would see as a collusion.

**Response:**   Assert the allegations consists solely of legal conclusions for which no answer is required; further, assert that the allegations are incomprehensible and therefore deny.

89.   The statements of Defendants, as listed above in paragraphs 44 and 53 contravene with the nature of the debts. Each confession of judgment states "This Confession of Judgment is not for the purpose of securing Shalom S. Maidenbaum against a contingent liability." Yet, the post judgments statements show that the Defendants created the promissory notes as security for their investments in Cardis. In other words, in the contingent event should Cardis fail, the Defendants would hold the Debtor liable for such debt. These contradictory "facts" violate CPLR 3218 by failing to either state "stating concisely the facts out of which the debt arose" or "stating concisely the facts constituting the liability and showing that the sum confessed does not exceed the amount of the liability."

**Response:**   Deny

90.   In particular, CPLR 3218 requires that the nature of the contingent liability must state "concisely the facts constituting the liability and showing that the sum confessed does not

exceed the amount of the liability." In other words, the confessions of judgment do not state concisely the facts constituting the liability, and each confession of judgment fails to show that the sum confessed does not exceed the amount of the liability.

**Response:**   Assert that the allegation consists solely of legal conclusions for which no answer is required, and therefore deny.

91.   A live controversy persists entangling the parties over who is a legitimate creditor of the Debtor. The only leverage Defendants have in alleging to be a creditor of the Debtor is the purported judgments, all arising from confessions of judgment that offer inconstant facts as to the

nature of the debt.

**Response:**   Assert that the allegation consists solely of legal conclusions for which no answer is required, and therefore deny.

92.   Wherefore, Plaintiff requests that the Court settle the issue once for all and decide the validity of the confessions of judgment. A decision by the Court will allow valid creditors and the Debtor to recognize.

**Response:**   Neither admit nor deny since the allegation consists solely of legal conclusions for which no answer is required.

93.   Defendants have no basis of fact to support the confessions of judgement, otherwise the confession would state concisely the facts giving rise to the debt. The confessions fail to state concisely the facts because the contradictory versions offered by Defendants are simply fraudulent against third parties.

**Response:**   Assert that the allegation consists solely of legal conclusions for which no

answer is required, and therefore deny.

**Responding to the Fourth Claim for Relief (Alleging Non-Compliance with a Judgement Creditor's Obligations under the CPLR**

94.   Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 93 of this Complaint with the same force and effect as if fully set forth at length herein.

**Response:**   Defendants incorporate by reference their  responses to paragraphs 1-93.

95.   Defendants have utilized the judgements outlined above to levy assets belonging to either to the Debtor or Cardis.

**Response:**   Deny, and assert that Maidenbaum's only successful collection efforts were pursuant to the judgments as filed in Israel.

96.   Neither Defendant liquidated into cash any of the levied assets it received when it took over Cardis in July 2016 after the judgments were entered.

**Response:**   Assert that the allegation is incomprehensible, and therefore deny; further deny that either defendant took over Cardis.

97.   Neither Defendant recorded any partial satisfaction of the judgments outlined above.

**Response:**   Admit.

98.   In an effort to reorganize the Debtor's debt, the Debtor's Estate is entitled to an accounting of all assets that Defendants levied as a result of judgments outlined above in order to reduce the amount of outstanding liabilities the Debtor is indebted.

**Response:**   Assert that the allegation consists solely of legal conclusions for which no answer is required, and therefore deny.

99.   In the event that Plaintiff succeeds in vacating any judgment outlined above, the

Creditors and Estate of the Debtor is entitled to recovery of any asset unjustly levied.

**Response:**    Assert that the allegation consists solely of legal conclusions for which no answer is required, and therefore deny.

100.   In the event that Plaintiff cannot succeed in vacating any judgment outlined above, Plaintiff is entitled to have such levied assets determined as a full accord and satisfaction of the judgments.

**Response:**    Assert that the allegation consists solely of legal conclusions for which no answer is required, and therefore deny.

101.   In the event that Plaintiff cannot succeed with a full accord and satisfaction of the judgments, Plaintiff is entitled to have such levied assets reduce the amount of debt owed by the Debtor.

**Response:**    Assert that the allegation consists solely of legal conclusions for which no answer is required, and therefore deny.

102.   In particular, Defendants took possession of the following: (i) Cardis as a whole, including its assets, (ii) the Debtor's stock in ePoint, (iii) the Debtor's interest in a marital home in Sullivan County, and (v) personal belongings of the Debtor.

**Response:**   Deny

103.   Upon each levy, Defendants did not return an execution as required under CPLR 5230[c].

**Response:**    Defendants complied with their obligations under CPLR 5230(c), and the obligation to return a levy is placed on the governmental agent, such as a sheriff or marshal, who is enforcing it.  Defendants routinely extended the time that the sheriff and marshal had to

31

enforce the levy.

104.   Upon each levy, Defendants did not follow through with the requirements of CPLR 5232 and 5236.

**Response:**  Deny

105.   As a direct result, Plaintiff seeks an order directing Defendants to account to the Court for all assets they levied utilizing any judgment in which the Debtor would be entitled to a reduction of the amount of debt.

**Response:**    Assert that the allegation consists solely of legal conclusions for which no answer is required, and therefore deny.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense:
### Lack of Standing
### (by Stein and Maidenbaum)

106.   Paragraphs 1-105 are repeated and realleged as if fully set forth herein.

107.   Maidenbaum is a judgment creditor of Cardis Enterprises International B.V., Cardis Enterprises International N.V., Cardis Enterprises International (USA) Inc. and Aaron Fischman.  The judgments, which were filed in the office of the Nassau County Clerk, are:

> (a) *Maidenbaum v. Cardis Enterprises International, B. V., et al.,* Index No. 604610/2016 in the principal amount of $2,576,446.78 jointly and severally against Cardis B.V., Cardis N.V., Cardis USA, Choshen Israel, LLC ("Choshen") and Aaron Fischman, entered on June 21, 2016.

> (b) *Maidenbaum v. Cardis Enterprises International, B. V., et al.,* Index No. 604766/2016 in the principal amount of $355,542.98 jointly and severally against Cardis B.V., Cardis N.V., Cardis USA, Choshen and Fischman, entered on June 28, 2016.

> (c) *Maidenbaum v. Fischman,* Index No. 604767/2016 in the principal amount of $285,500.17 against Fischman, entered on June 28, 2016.

- and-

(d) *Maidenbaum v. Fischman,* Index No. 604768/2016 in the principal amount of $57,054.85 against Fischman, entered on June 28, 2016.

The Cardis entities operated as a single enterprise without regard to formal or corporate distinctions and will be collectively referred to as "Cardis."

108.   Considering post-judgment (CPLR 5003) interest and partial collections, the total amount due under the judgments as of the filing of this Answer is $3,075,991.32.  Each judgment is based on the failure to pay a promissory note.

109.   Weisshaus lacks standing to challenge the confessions of judgment.

110.   Any claim of reliance by a third-party (*i.e.*, an individual or entity that is not a party to the agreement or communication at issue) is not sufficient to state a fraud claim. *Pasternack v. Laboratory Corp. of America Holdings*, 27 N.Y.3d 817, 829, 37 N.Y.S.3d 750, 758 (2016).

111.   The requirements imposed by CPLR 3218, a rule regarding confessions of judgments, are intended to protect legitimate creditors of a defendant.  *Cash and Carry Filing Service, LLC v. Perveez*, 149 A.D.3d 578, 50 N.Y.S.3d 277 (1st Dep. 2017).

112.   Weisshaus is not a legitimate creditor of Fischman.  Instead, his claim against Fischman was concocted solely for strategic purposes.

113.   Weisshaus is a paralegal and errand runner for Levi Huebner; Fischman's long time attorney.  Weisshaus has been named as a plaintiff in consumer-type actions filed by Huebner, as counsel. Huebner has notarized documents filed by Weisshaus in this case.  Weisshaus also lists Huebner's office address, *i.e.*, 488 Empire Boulevard, Brooklyn, New York  11225, as his address on personal correspondence, such Weisshaus' November 21, 2021 letter to the

Woodbridge, New York police department.

114.   According to Weisshaus's proof of claim and the documents it attaches, *In re Fischman*, 23-36038-cgm, Claim 1-1, Weisshaus loaned Fischman between $17,990 and $64,515 during the last three months of 2023 and, in consideration of these loans, received three separate promissory notes, executed on September 29, 2023, October 6, 2023 and December 18, 2023. The first of the two notes were executed by Fischman during the previous bankruptcy case, *i.e.*, *In re Aaron Fischman*, 23-35660-cgm (Bankr., S.D.N.Y.)

115.   Fischman's schedules and Summary of Financial Affairs in his previous bankruptcy case did not list Weissman as a creditor or lender, or refer to him in any fashion. On information and belief any money that Weisshaus provided to Fischman pursuant to a loan agreement was returned to Weisshaus, through Cohen LaBarbera and/or Joel Landau as conduits.

116.   On November 24, 2023, Weisshaus filed a summons and complaint in Supreme Court Sullivan County in which he sought to recover the amount allegedly owed by Fischman. That was three days after this Court's decision, as set forth on the record on November 21, 2023, to dismiss Fischman's previous bankruptcy filing, *In re Aaron Fischman*, 23-35660-cgm (Bankr., S.D.N.Y.) on the record to November 21, 2023.

117.   The affidavit of service of Weisshaus' summons and complaint against Fischman in the Sullivan County action was signed by Feige Zaretsky, who states in that affidavit that she served Fischman at a residence in Brooklyn, that was not his own, on November 28, 2023. Zaretsky, the alleged process server, is the daughter of Ahron Berlin.  (Berlin was the individual who commenced the sham and collusive involuntary Chapter 11 case, *In re Aaron Fischman*, 23-35368-cgm (Bankr., S.D.N.Y.), against Fischman on May 8, 2023, one day before Fischman

was to appear before Justice Cozzens for a deposition and document production, or face arrest and incarceration.[1])

118.   Notwithstanding the service by Zaretsky, Fischman did not appear or file an answer in Weisshaus' Sullivan County action.

119.   On November 30, 2023, in the contempt proceeding, Justice Cozzens ordered Fischman to appear in Court for his deposition and document production on December 20, 2023, or face arrest and incarceration.

120.   On December 19, 2023, Weisshaus—one day before Fischman was to appear in Justice Cozzens' Courtroom for his deposition and document production in Maidenbaum's contempt proceeding against Fischman—Fischman filed another bankruptcy case, *In re Aaron Fischman*, 23-36038-cgm (Bankr., S.D.N.Y.)  That was Fischman's third bankruptcy (and fourth if *In re Choshen Israel, LLC*, Case No. 23-35636-cgm (Bankr., S.D.N.Y.) is counted) filed for the purpose of staying the deposition and contempt proceeding.  That same day, Levi Huebner, Fischman's lawyer, filed a letter with Justice Cozzens incorrectly arguing that the new bankruptcy automatically stayed Maidenbaum's contempt proceeding against Fischman. Relying on 11 U.S.C. §362(c) (4)(A)(i)[2], Justice Cozzens rejected the argument and issued a warrant requiring any New York state law office that could apprehend Fischman to arrest and incarcerate him.

121.   Also, on December 19, 2023, in Weisshaus' Sullivan County action against

---

[1]Berlin's involuntary case against Fischman was dismissed on July 11, 2023.

[2]11 U.S.C. 362(c) (4)(A)(i) (third filing within previous year does not trigger automatic stay); *Dobrer v. PennyMac Corp.*, 2018 WL 6437068, *1 (E.D.N.Y., Dec. 7, 2018) (same, even when one of the prior cases was involuntary).

Fischman, Weisshaus filed an affidavit of mailing of an additional copy of the summons and complaint to Fischman pursuant to CPLR 3215(g)(4). The affidavit of mailing, like the affidavit of service of Weisshaus' summons and complaint against Fischman, was signed by Zaretsky, the Berlin's daughter.

122. Despite Fischman's alleged default and the Sullivan County action by Weisshaus against Fischman, Weisshaus claims that he loaned an additional $30,000 to Fischman in exchange for a promissory note dated December 18, 2023. If these loans were not sham conduct and the Sullivan County action not a collusive proceeding, then Weisshaus acted irrationally in loaning an additional $30,000 to Fischman on December 18, 2023.

123. Based, *inter alia*, on Zaretsky's affidavit of mailing, on December 22, 2015, a default judgment was entered in Weisshaus' favor and against Fischman in the Sullivan County action, in the amount of $34,515.

124. Zaretsky's alleged activity as process server on behalf of Weisshaus, shows that a small group of individuals known to each other—Huebner, Berlin, Zaretsky and Weisshaus—colluded in sham filings in this Court and in Sullivan County to impede Maidenbaum's efforts to enforce his judgments against Fischman. The sham filings include the Berlin's involuntary case against Fischman, which was filed the day before Fischman's court-ordered bankruptcy in Maidenbaum's supplemental proceeding, Weisshaus' proof of claim in *In re Fischman*, Case No. 23-36038 (CGM) and this adversary proceeding.

125. Fischman did not need a loan from Weisshaus since Fischman received the following amounts in recent years, that, whatever their original source, were funneled to him (and occasionally to his designated payees) through Ultimax Digital, Inc., Cohen, LaBarbera &

Landrigan, LLP and various companies affiliated with an individual named Joel Landau:

● $315,200 from Ultimax to Fischman during the period July 20, 2020 to November 2022

● $1,532,500 from Cohen LaBarbera to Fischman during the period August 11, 2021 to November 17, 2022

● $339,575 from Landau and his companies to Fischman during the period August 11, 2021 to December 21, 2022

126.   For the foregoing reasons, Weisshaus is not a legitimate creditor of Fischman and lacks standing to challenge the confessions of judgment since "a violation of CPLR §3218 may render the judgment by confession subject to vacatur [only] at the behest of a *bona fide* creditor." *GTR Source, LLC v. Futurenet Group, Inc.*, 2018 WL 1310416, *2 (Sup. Ct., Rockland Co., Mar. 13, 2018).

**Second Affirmative Defense:**

**Res Judicata**
**(by Stein and Maidenbaum)**

127.    Paragraphs 1-126 are repeated and realleged as if fully set forth herein.

128.    Had any technical defects existed within Fischman's confessions of judgment filed by Maidenbaum or the promissory notes underlying the confessions of judgment (there weren't), Fischman was required to raise those defects before entry of judgment. A judgment by confession has the same *res judicata* effect as any other judgment.  *Pennsylvania Factors Corp. v. Goldman*, not officially reported, 39 N.Y.S.2d 670, 671 (1942) ("'The same general rules which govern judgments generally apply to a judgment by consent or upon stipulation.' * * * 'A judgment by confession stands in much the same position as one by stipulation or consent, being a conclusive adjudication of all matters embraced in it and a bar to any subsequent action upon

the same claim.'" (internal citation omitted)).

129.   Even if Weisshaus had standing to pursue his claims, the allegations he raises were

merged into the judgments based on those instruments entered in 2016. *Westinghouse Credit*

*Corp. v. D'Urso*, 371 F.3d 96, 102 (2d Cir. 2004) ("The general rule under New York and

federal law is that a debt created by contract merges with a judgment entered on that contract, so

that the contract debt is extinguished and only the judgment debt survives."); *Pennsylvania*

*Factors Corp.*, *supra*  (judgment by confession "is an estoppel, merger or bar under the same

circumstances and to the same extent as any other judgment" (internal citations omitted)).

## MAIDENBAUM'S COUNTERCLAIM and CROSS-CLAIM:

**Request for a Declaratory Judgment pursuant to
28 U.S.C. §2201(a) that Maidenbaum's Judgments
against Fischman, the Confessions of Judgment Signed
By Fischman and the Promissory Notes Underlying
Maidenbaum's Judgments are Valid and Enforceable
(by Maidenbaum as a Counterclaim against
Weisshaus and as a Cross-Claim against Fischman)**

130.   Paragraphs 1-129 are repeated and realleged as if fully set forth herein.

131.   The federal Declaratory Judgment statute, 28 U.S.C. §2201(a), provides, in

relevant part,

>   In a case of actual controversy within its jurisdiction [inapplicable
> exceptions omitted], any court of the United States, upon the filing of an
> appropriate pleading, may declare the rights and other legal relations of any
> interested party seeking such declaration, whether or not further relief is or could
> be sought. Any such declaration shall have the force and effect of a final
> judgment or decree and shall be reviewable as such.

132.   An actual controversy exists between Maidenbaum, on one side, and Weisshaus and

Fischman, on the other, as to whether Maidenbaum's four judgments against Fischman, the

confessions of judgment signed by Fischman in Maidenbaum's favor, and the separate

promissory notes by Fischman underlying the four respective judgments are valid and enforceable.

133.   Weisshaus' complaint was ghost-written by Fischman's own attorney, Levi Huebner, and acknowledges that it is intended to benefit Fischman.[3]

**A. Each of the Promissory Notes Underlying Maidenbaum's**
**   Judgment is Supported by Sufficient Consideration**

134.   A $275,000 promissory note (**Exhibit 1**) is the contractual basis for the June 28, 2016 judgment in the amount of $355,542.98, and a $2 million promissory note (**Exhibit 2**) is the basis for the June 21, 2016 Judgment in the amount of  $355,542.98.   Fischman signed both promissory notes on February 23, 2015.   A $250,000 promissory note (**Exhibit 3**), signed by Fischman on May 4, 2015, is the contractual basis for the June 28, 2016 judgment in the amount of $285,500.17.   A $50,000 promissory note (**Exhibit 4**), signed by Fischman on June 19, 2016, is the contractual basis for the June 28, 2016 judgment in the amount of $57,054.85.

135.   Weisshaus' complaint in this adversary proceeding alleges that there is inadequate consideration supporting the four promissory notes that are the basis of Maidenbaum's judgments against Fischman.   (The judgments are set forth in ¶125, *supra*.)   The allegation is frivolous.

**(i)  The Consideration for the $275,000 Note**

136.   The consideration for the $275,000 promissory that underlies the June 28, 2016 judgment is s recited on its face:  advances made on the following:

---

[3]Linguistically, and in terms of the volume of attachments, the Weisshaus' complaint is similar to an ostensibly *pro se* complaint that Nina Fischman (Aaron's wife), who was then represented by Huebner, filed against Nassau County Justice Vincent Murphy in 2021 after Justice Murphy ruled against arguments Huebner advanced on Nina's behalf.

"principal loan date[s]:

|  |  |
|---|---|
| October 7, 2014 | $100,000.00 |
| November 7, 2014 | $100,000.00 |
| February 23, 2015 | $75,000.00 |

**Exhibit 1** hereto, at p. 1.  The cancelled checks for these three advances, which were each posted

between one and three days following the date of the check, are annexed as **Exhibit 5**.

Maidenbaum's checks were made out to Lawrence R. Katz, who received them on behalf of

Choshen Israel, LLC.  *See People ex rel Letitia James v. Aaron D. Fischman*, Sup. Ct., New

York Co., Index No. 452353/2018, Amended Complaint, at ¶15,  ¶29. Cardis used Katz's IOLA

account as its "principal . . . bank account."  *Id.*, ¶160.

### (ii)  The Consideration for the $2 Million Promissory Note

137.   As of December 8, 2010 Maidenbaum had advanced $1,625,000 in funding for

Cardis.   Consideration "may be explained . . . by parol evidence."  *Maksoud v. Ishakov*, 187

A.D. 3d 1167,1169, 134 N.Y.S.3d 91, 93 (2d Dept. 2020).  The relevant parol evidence—checks

written by Maidenbaum representing the $1,625,000 in advances—is annexed hereto as **Exhibit

6.**

138.   On December 8, 2016 Maidenbaum and Fischman, acting on behalf of Choshen

and Cardis, entered into a written agreement (**Exhibit 7**) that designated $775,000 of the

$1,625,000 in advances that Maidenbaum  provided as "loans to Cardis," and the remaining

$850, 000 as for "direct stock purchases from Choshen of Cardis' stock"—*i.e.*, equity (*id.*, p. 1,

3rd Whereas Clause).

139.   That same day—December 8, 2010—Fischman, on behalf of Choshen, executed a

promissory note documenting the repayment terms for the $775,000 loan (hereinafter, the

"December 8, 2010 Promissory Note," **Exhibit 8**).   The December 8, 2010 Promissory Note was supported by not only past consideration but also contemporaneous consideration in the form of an additional $125,000 that Maidenbaum loaned to Cardis that same day.  (*See* **Exhibit 8**, at p. 1; **Exhibit 9** (check for $125,000)).  *See Levine v. Kornheim*, 255 A.D. 467, 470, 7 N.Y.S.2d 918, 920 (1st Dept. 1938) (contemporaneous consideration makes an agreement enforceable); *accord: In re Pruitt*, 72 B.R. 436, 444 (Bankr., E.D.N.Y. 1987). On December 8, 2015, Maidenbaum agreed to lend Cardis, or invest in Cardis, an additional $250,000, which is yet additional consideration.  **Exhibit 7**, Eighth "Wherefore" clause.  *Weiner v. McGraw–Hill, Inc.*, 57 N.Y.2d 458, 464, 457 N.Y.S.2d 193, 196  (1982) (co-extensive future performances are "not necessary when the promisor receives other valid consideration" * * * since "'[i]t is enough that something is promised, done, forborne or suffered by the party to whom the promise is made as consideration for the promise made to him'" (internal citation omitted)).

140.  The amount of consideration for the December 8, 2010 Promissory Note was of course sufficient.  *Id.*  ("[C]ourts have not hesitated to find sufficient consideration not only in what is now the proverbial peppercorn . . . but in 'a horse or a canary, or a tomtit'" (citations omitted)).

141.  On December 15, 2010, Choshen failed to pay the amount due under the December 8, 2010 Promissory Note and default interest at 24 percent (24%) began to accrue on the full $775,000 principal amount.  **Exhibit 8**, 1st and 2nd paragraphs.  Between December 15, 2010 and February 23, 2015, $779,671.23 in interest accrued on the December 8, 2010 Promissory Note[4], bringing the amount due under that note to $1,554,671.23.

---

[4] $775,000*.24*1530/365 =  $779,671.23

142.   Between February 11, 2011 and February 14, 2014, Maidenbaum advanced an additional $625,000 to Cardis.   *See* the checks annexed hereto as **Exhibit 10.**[5]

143.   As of February 23, 2015, the principal and accrued interest on the December 8, 2010 Promissory Note, together with the additional advances totaled $2,179,671.23.   ($775,000 +  $779,671.23 + $625,000 = $2,179,671.23.)

144.   On February 23, 2015, the $2,179,671.23 debt was reduced to $2 million, and Fischman, on behalf of Choshen and Cardis, and individually as guarantor, executed the $2 Million Promissory Note.  **Exhibit 2**.  The $2 Million Promissory Note  states:  "This Note shall supercede all prior Notes, other than a Note of even date covering a separate obligation by Payor in the principal sum of Two Hundred Seventy-Five Thousand Dollars."  *Id.*,  p. 1.  Since the $2 million note supplanted the December 8, 2010 Promissory Note and the $2,179,671.23 past due debt, the $2 Million Promissory Note is an enforceable novation.  *Leeward Isles Resorts, Ltd. v. Hickox*, 49 A.D.3d 277, 278, 853 N.Y.S.2d 41 (1ˢᵗ Dept. 2008) ("The 1989 loan agreement between . . . creditor's assignor and . . .  guarantor's principal, which significantly increased the amounts extended under the 1986 loan agreement . . . and expressly "supersede[d] and replace[d]" the 1986 loan agreement, did not merely modify the 1986 loan agreement . . . but constituted a novation thereof").  The addition of Cardis as new obligor and Fischman as a guarantor makes the $2 million note a true novation.  *Johnson & Johnson v. Guidant Corp.*, 2014 WL 3728598, *10 n.10 (S.D.N.Y., July 22, 2014)  ("Technically, and as used by both the Restatement (Second) of Contracts and most courts, a novation differs from other substituted

---

[5]A copy of one check from this group is missing, Check No. 3471, which was in the amount of $65,000 and written on December 31, 2010.

contracts in that a novation involves the addition of a new party to the transaction.")

145.   For a novation—such as the $2 Million Promissory Note—"discharge of the original contract usually constitutes sufficient consideration for the substituted contract[.]" *Wasserstrom v. Interstate Litho Corp.*, 114 A.D.2d 952, 954, 495 N.Y.S.2d 217, 219 (2d Dept. 1984); *accord:  Evergreen Marine Corp. v. Welgrow Intern. Inc.*, 942 F.Supp. 201, 209 (S.D.N.Y. 1996).

146.   Further consideration for the $2 Million Promissory Note was provided in the form of  Maidenbaum's forbearance from enforcing the terms of the December 8, 2010 Promissory Note,  *Leef v. Steele*, 81 A.D.2d 764, 439 N.Y.S.2d 113, 114 (1st Dept. 1981), and the additional $75,000  Maidenbaum advanced at the time the $2 Million Note was signed, *Capital Stack Fund, LLC v. Badio*, 2012 WL 3234283, *3 (Sup. Ct., Rockland Co., July 15, 2012).  Still further consideration exists because the maturity date for the $2 Million Promissory Note was later than that for the December 8, 2010 Promissory Note, *Liberty Nat'l Bank v. Gross*, 201 A.D.2d 467, 467-468, 607 N.Y.S.2d 419, 420 (2d Dept. 1994); and since Maidenbaum forgave part of the $2,179,671.23 then due to him, *Wyndham Hotel Group International, Inc. v. Silver Entertainment LLC*, 2020 WL 5517519, *3 (S.D.N.Y., Sept. 14, 2020).

**(iii)  The Consideration for the $250,000 Promissory Note**

147.   The $250,000 Note (**Exhibit 3**) contains a specific recitation of *actual* past consideration since it specifically refers to a $250,000 loan amount, which it states is "outstanding," *i.e.*,: "the principal sum of Two Hundred Fifty Thousand Dollars ($250,000.00) together with all interest on the *outstanding* principal amount at a rate·of eight (8%) percent per annum. . . [.]"  (Emphasis added.)   The check for the $250,000 loan is annexed as **Exhibit 11**.

### (iv)   The Consideration for the $50,000 Promissory Note

147.   The $50,000 Note (**Exhibit 4**) contains a specific recitation of *actual* past

consideration since it specifically refers to a $50,000 loan amount, which it states is

"outstanding," *i.e.*,: "the principal sum of Fifty Thousand Dollars ($250,000.00) together with

all interest on the *outstanding* principal amount at a rate·of eight (8%) percent per annum. . . [.]"

(Emphasis added.)  The check for the $50,000 loan is annexed as **Exhibit 12**.

### B.   The Confessions of Judgment Comply with CPLR 3218

148.   Fischman's affidavit of confession of judgment based upon the $275,000 note

(**Exhibit 13**) and underlying the Maidenbaum's $355,542.98 judgment sets forth **(a)** the date of

the loan (**Exhibit 13**, at pp. 1-2, at ¶2:  "February 23, 2015"); **(b)** the amount of the loan (*id.*, at

p. 2, at ¶5: "$275,000"); (c) the interest rate (*id.*, at pp. 1-2, at ¶2: "8%"; *id.*, at p. 2, at ¶5: 24%

from default to entry of judgment; and thereafter at the statutory 9% rate); (d) the repayment date

(*id.*, p. 2, ¶3:  "April 30, 2015"); and (e) the amount of the confessed judgment that was principal

(*id.*, at p. 2, at ¶5:  "$275,000 million").  According to the terms of the confession of judgment,

the amount of (f) interest due on the date of the default was $29,777.51; and at the time of entry

of judgment an additional $76,448.61 in interest was due.  Since no amounts were repaid, there

was nothing to recite in that regard.  *Regency Club at Wallkill, LLC v. Bienish*, 95 A.D.3d 879,

942 N.Y.S.2d 894 (2d Dept. 2012) (upholding confession of judgment since "the record reflects

that the affidavit was sufficiently particular so as to enable any interested third parties to

investigate the claim and ascertain its validity"); *American Water Restoration, Inc. v. AKF Inc.*,

2022 WL 176400, *2 (Sup. Ct., Ontario Co., Jan. 7, 2022) (confession of judgment was

sufficient since it stated "the sum borrowed and . . . the agreement's main terms and date,"

notwithstanding its incorporation by reference of an "affidavit that included inaccurate information, [since] this mistake did not affect the actual judgment amount").

149.   Fischman's affidavit of confession of judgment (**Exhibit 14**) underlying Maidenbaum's $2,576,442.78 judgment and based upon the $2 million note sets forth (a) the date of the loan (**Exhibit 14**, pp. 1-2, at ¶2: "February 23, 2015"); (b) the amount of the loan (*id.*, at p. 2, at ¶5: "$2 million"); (c) the interest rate (*id.*, at pp. 1-2, at ¶2: "8%; *id.*, at p. 2, at ¶5: "24% from default to entry of judgment"); (d) the repayment date (*id.*, p. 1, ¶3: "April 30; 2015"); and (e) the amount of the confessed judgment that was principal (*id.*, at p. 2, at ¶5: "$2 million").   According to the terms of the confession of judgment, the amount of (f) interest due on the date of the default was $29,777.51; and at the time of entry of judgment an additional $546,665.30 in interest was due.   Since no amounts were repaid, there was nothing to recite in that regard.   The confession of judgment complies with CPLR 3218.  *Regency Club at Wallkill, LLC*, *supra*; *American Water Storage, Inc.*, *supra*.

150.   Fischman's affidavit of confession of judgment  (**Exhibit 15** underlying the $285,500.17 judgment and based upon the $250,000 note sets forth (a) the date of the loan (**Exhibit 15**, p. 1, at ¶2: "May 4, 2015"); (b) the amount of the loan (*id.*, at ¶5: "$250,000"); (c) the interest rate (*id.*, pp. 1-2, at ¶5: "8%" and, upon default, "16% from default to entry of judgment"); (d) the repayment date (*id.*, p. 2, ¶3: "July 21, 2015") and (e) the amount of the confessed judgment that was principal (*id.*, at p. 1, at ¶5: "$250,000").   According to the terms of the confession of judgment, the amount of (f) interest due on the date of the default was $5,833.80; and at the time of entry of judgment an additional $29,666.37 in interest was due. Since no amounts were repaid, there was nothing to recite in that regard.   The confession of

judgment comply with CPLR 3218.  *Regency Club at Wallkill, LLC*, *supra*; *American Water Storage, Inc.*, *supra*.

151.    Fischman's affidavit of confession of judgment  (**Exhibit 16**) underlying the $57,054.85 judgment and based upon the $50,000 note sets forth (a) the date of the loan (**Exhibit 16**, p. 1, at ¶2:  "May 4, 2015"); (b) the amount of the loan (*id.*, p. 1, at ¶5:  "$50,000"); (c) the interest rate (*id.*, pp. 1-2, at ¶5:  "8%"  and, upon default, "16% from default to entry of judgment"); (d) the repayment date (*id.*, p. 1, ¶3:  "July 21, 2015"); and (e) the amount of the confessed judgment that was principal (*id.*, at p. 1, at ¶5:  "$50,000").   According to the terms of the confession of judgment, the amount of (f) interest due on the date of the default was $1,122.11; and at the time of entry of judgment an additional $5,932.74 in interest was due. Since no amounts were repaid, there was nothing to recite in that regard.  The confession of judgment complies with CPLR 3218.  *Regency Club at Wallkill, LLC*, *supra*; *American Water Storage, Inc.*, *supra*.

**C.  None of the Instruments at Issue are**
     **Invalidated Because Stein Notarized Them**

152.    Outside limited contexts defined by statute, no requirement exists that promissory notes, guaranties or other instruments for the payment of money include an acknowledgment of the maker's or guarantor's signature.  *Corona Fuel Corp. v. Nayci*, 2013 WL 12099489,*1-2 (Sup. Ct., Nassau Co., July 20, 2013).  An instrument that does not need to be notarized is not rendered invalid because the notary's attestation is defective.  *Id.*

153.    A notary is not disqualified from authenticating a signature unless he is a named party with obligations under the agreement or, at minimum, directly interested in the instrument being signed.  *Wright v. Bedford*, 17 Misc.2d 211, 182 N.Y.S.2d 660, 662 (Sup. Ct., Westchester

Co., Dec. 29, 1958) ("A notary acts as an administrative officer, and the fact that a notary is a stockholder and director of a corporation involved in a transaction will not void a corporate acknowledgment taken by him."); *Alfieri v. Guild Times Pension Plan*, 446 F. Supp. 2d 99, 112 (E.D.N.Y. 2006) (fact that a notary was participant in ERISA plan did not render invalid his notarization of spousal waiver form for another participant since the notary was not financially affected by the waiver).

154.   Stein was not a party to the 2015 Notes, nor did he have an indirect interest in those instruments, and the instruments underlying the confessions of judgment are not invalid or unenforceable because Stein notarized Fischman's acknowledgement.

## RESERVATION OF RIGHTS

Maidenbaum and Stein hereby reserve the right to assert any additional defenses or claims that are timely, warranted in light of newly-discovered evidence and/or within the Court's equitable powers to allow.

WHEREFORE, Maidenbaum requests judgment as follows:

1.   Dismissing the complaint with prejudice.

2.   Pursuant to 28 U.S.C. §2201(a), declaring that Maidenbaum's judgments against Fischman, the confessions of judgment that Fischman delivered to Maidenbaum and the promissory notes underlying Maidenbaum's judgments are valid and enforceable.

3.   An award of allowable costs, disbursements and attorneys fees.

- and -

4.   Such other relief as the Court may deem just and appropriate.

Dated: New York, New York
      January 29, 2023

Berry Law PLLC

By: /s/Eric W. Berry
     Eric W. Berry
745 Fifth Avenue, 5th Floor
New York, New York 10151
(212) 355-0777
berrylawpllc@gmail.com

Tarter Krinsky & Drogin LLP

By: /s/Michael Z. Brownstein
     Michael Z. Brownstein
1350 Broadway, 11th Floor
New York, New York 10018
(212) 216-8000
mbrownstein@tarterkrinsky.com

*Attorneys for defendants Jonathan Stein and*
*Shalom Maidenbaum*

48

EXHIBIT 1

# PROMISSORY NOTE

**$275,000.00**                                              Cedarhurst, New York
                                                             February 23, 2015

**FOR VALUE RECEIVED**, Cardis Enterprises International, B.V., Cardis Enterprises International, N.V., Cardis Enterprises International (USA), Inc. and Choshen Israel LLC (collectively, "Payor"), having an address at 445 Central Avenue, Suite 201, Cedarhurst, NY 11516-2026 promise to pay Shalom S. Maidenbaum ("Payee"), having an office at 132 Spruce Street, Cedarhurst, New York 11516 at the aforementioned address or such place as Payee or any holder hereof may from time to time designate, the principal sum of Two Hundred Seventy-Five Thousand Dollars ($275,000.00) together with all interest on the outstanding principal amount at a rate of eight (8%) percent per annum, no later than the earlier of anticipated and/or loans to Cardis by Charles Alpert and/or Leslie Adelman in the aggregate sum of Six Hundred Thousand Dollars ($600,000.00) or May 31, 2015.

Payment shall included principal and interest of the following principal loans plus all accrued interest with respect to the following principal loan amounts from Payee to Payor, it being understood that interest shall separately track from each principal loan date:

| | |
|---|---|
| October 7, 2014 | $100,000.00 |
| November 7, 2014 | $100,000.00 |
| February 23, 2015 | $75,000.00 |

If the Payor shall fail to make the payment as herein provided, or if Payor shall make any assignment for the benefit of creditors, or if meeting of creditors is convened or a committee of creditors is appointed for, or any petition or proceeding for any relief under any bankruptcy, reorganization, arrangement, insolvency, readjustment of debt, receivership, liquidation or dissolution law or statute now or hereinafter in effect (whether at law or in equity) is filed or commenced by or against, the Payor or any property of the Payor, or if any trustee or receiver is appointed for the Payor or any such property, then, and in any such event, in addition to all rights and remedies Payee may otherwise have, all such rights being deemed cumulative and not exclusive and enforceable alternatively, successively and concurrently, the Payee may, at his sole option, declare all amounts owing under this note to be due and payable, whereupon the maturity of the then unpaid balance thereof shall be accelerated and the same, together with all interest accrued thereon, shall be forthwith become due and payable. Moreover, Payor shall be obliged to advise Payee of any loan or investment by the aforementioned Charles Alpert and/or Leslie Adelman, and their failure to do so shall be deemed to be an event of default hereunder. Immediately upon the occurrence of any event listed in the first sentence of this paragraph, and without any notice to Payor, interest shall accrue on the entire unpaid principal balance of this Note at the rate of twenty-four (24%) percent per annum, or the highest rate allowable by law, whichever is less, for said occurrence until paid in full.

Payor waives presentation of this original Note for the payment of the debt required hereunder. The Payor and all endorsers, guarantors and sureties hereof hereby severally waive

diligence, demand, presentment, protest and notice of any kind, and assent to extensions of the time of payment, release, surrender or substitution of security, or forbearance or other indulgence, without notice.

This Note may not be changed, modified or terminated orally, but only by an agreement in writing signed by the party to be charged.

In the event the Payee or any holder hereof shall refer this Note to an attorney for collection, the Payors agree to pay, in addition to unpaid principal and interest, all the costs and expenses incurred in attempting or effecting collection hereunder, including, but not limited to, reasonable attorneys' fees, whether or not suit is instituted.

In the event of any litigation with respect to this Note, the Payors waive the right of trial by jury and waives all rights of setoff, claim, counterclaim or defense. The Payors hereby irrevocably consent to the jurisdiction of the courts of the State of New York and any Federal court located in such State in connection with any action or proceeding arising out of or relating to this Note.

This Note shall be governed by the laws of the State of New York.

This Note may be prepaid, in whole or in part, at any time prior to the due date.

This Note is in addition to an additional Note of even date in the principal sum of Two Million Dollars ($2,000,000.00) (the "2Mil Note), which note covers prior principal loans from Payee to Payor and other good and valuable consideration. Any default under the 2Mil Note shall also be deemed to be a default under this Note. Further, any default in payment to a Ninety Thousand Dollar ($90,000.00) made to Cardis, whether directly or indirectly, by Anthony J. Montilli ("Montilli"), in or about December 2014, shall be deemed to be a default herein. In the event of a default on the obligation to Montilli, and in the additional event that Payee's guaranty of the Montilli obligation compels him to pay-off that obligation, then the principal sum and warrant coverage shall be added to this Note as though the principal amount had been Three Hundred Sixty-Five Thousand Dollars ($365,000.00) at its execution.

**IN WITNESS WHEREOF,** the makers have duly executed this Note on the date first above written.

**CARDIS ENTERPRISES
INTERNATIONAL, B.V.**

By: _____

**AARON FISCHMAN**
Director

**CARDIS ENTERPRISES
INTERNATIONAL (USA), INC.**

By: _____

**AARON FISCHMAN**
President

2

**CARDIS ENTERPRISES**
**INTERNATIONAL, N.V.**

**CHOSHEN ISRAEL LLC**

By:_____

By:_____

     **AARON FISCHMAN**
       Director

     **AARON FISCHMAN**
     Managing Member

## GUARANTY

      The undersigned hereby irrevocably agrees to guaranty payment of this Note under all the covenants and conditions contained therein, including, without limitation, the waiver of the right of trial by jury and waives all rights of setoff, claim, counterclaim or defense. Guarantor hereby irrevocably consent to the jurisdiction of the courts of the State of New York and any Federal court located in such State in connection with any action or proceeding arising out of or relating to this Note. Guarantor shall also be responsible for all the costs and expenses incurred in attempting or effecting collection hereunder, including, but not limited to, reasonable attorneys' fees, whether or not suit is instituted.

_____
     **AARON FISCHMAN**
      Guarantor

STATE OF NEW YORK    )
                      ) ss.:
COUNTY OF NASSAU    )

      On this 23rd day of February, 2015, before me personally came AARON FISCHMAN to me known, who being duly sworn, did depose and say that he resides in Woodmere, New York, that he executed the foregoing instrument and acknowledged to me that he did the same.

_____
     Notary Public

JONATHAN A. STEIN
Notary Public, State of New York
No. 02ST4755192
Qualified in Nassau County
Commission Expires February 28, 20 __

EXHIBIT 2

## <u>PROMISSORY NOTE</u>

**$2,000,000.00**                                                    Cedarhurst, New York
                                                                     February 23, 2015

      **FOR VALUE RECEIVED,** Cardis Enterprises International, B.V., Cardis Enterprises International, N.V., Cardis Enterprises International (USA), Inc. and Choshen Israel LLC (collectively, "Payor"), having an address at 445 Central Avenue, Suite 201, Cedarhurst, NY 11516-2026 promise to pay Shalom S. Maidenbaum ("Payee"), having an office at 132 Spruce Street, Cedarhurst, New York 11516 at the aforementioned address or such place as Payee or any holder hereof may from time to time designate, the principal sum of Two Million Dollars ($2,000,000.00) representing actual loans, for which Payor was in default and other good and valuable consideration, together with all interest on the outstanding principal amount at a rate of eight (8%) percent per annum, no later than April 30, 2015.

      This Note shall supercede all prior Notes, other than a Note of even date covering a separate obligation by Payor in the principal sum of Two Hundred Seventy-Five Thousand Dollars ($275,000.00) (the "$275k Note"). Any default under the terms of the 275k Note shall be deemed a default under the terms of this Note.

      This Note does not supercede any prior agreement granting to Payee *pari passu* treatment, entitling Payee to the greater of five (5%) percent of equity in Cardis, subject to certain non-dillution agreements, or one-half of the interest held by the Related Group as defined in those agreements.

      Payee shall have the sole option to convert all or any portion of the monies then due, at the exercise of same, to equity shares in Cardis Enterprises International, B.V., Cardis Enterprises International, N.V. and Cardis Enterpirses International (USA), Inc. or any related entity then holding and/or owning the intellectual property of the Cardis aggregate payment system and any contracts awarded thereon. The exercise price shall be the lower of $0.12 per share or the lowest price offered to any other lender or investor in the Cardis entities. Additionally, for each share issued, Payor shall also issue to Payee three (3) warrant shares, each equal to a full share of common stock at the same price as the shares purchased.

      If the Payor shall fail to make the payment as herein provided, or if Payor shall default upon any obligation contained in any other promissory note or agreement in which it or the guarantor hereunder are obligors, or if Payor shall make any assignment for the benefit of creditors, or if meeting of creditors is convened or a committee of creditors is appointed for, or any petition or proceeding for any relief under any bankruptcy, reorganization, arrangement, insolvency, readjustment of debt, receivership, liquidation or dissolution law or statute now or hereinafter in effect (whether at law or in equity) is filed or commenced by or against, the Payor or any property of the Payor, or if any trustee or receiver is appointed for the Payor or any such property, then, and in any such event, in addition to all rights and remedies Payee may otherwise have, all such rights being deemed cumulative and not exclusive and enforceable alternatively, successively and concurrently, the Payee may, at his sole option, declare all amounts owing under this note to be due and payable, whereupon the maturity of the then unpaid balance thereof shall be accelerated and the

same, together with all interest accrued thereon, shall be forthwith become due and payable. Moreover, Payor shall be obliged to advise Payee of any loan or investment by the aforementioned Charles Alpert and/or Leslie Adelman, and their failure to do so shall be deemed to be an event of default hereunder. Payor shall also be obliged to immediately advise Payee of the conversion rate to be exercised and/or offered to Charles Alpert and/or Leslie Adelman. Further, any default in payment to a Ninety Thousand Dollar ($90,000.00) made to Cardis, whether directly or indirectly, by Anthony J. Montilli, in or about December 2014, shall be deemed to be a default herein. Immediately upon the occurrence of any event listed in the first sentence of this paragraph, and without any notice to Payor, interest shall accrue on the entire unpaid principal balance of this Note at the rate of twenty-four (24%) percent per annum, or the highest rate allowable by law, whichever is less, for said occurrence until paid in full. Moreover, in the event of a default, Payee shall be entitled, as part of the exercise of his conversion option to receive four warrants for each share converted at the prices previously set forth herein.

Payor waives presentation of this original Note for the payment of the debt required hereunder. The Payor and all endorsers, guarantors and sureties hereof hereby severally waive diligence, demand, presentment, protest and notice of any kind, and assent to extensions of the time of payment, release, surrender or substitution of security, or forbearance or other indulgence, without notice.

This Note may not be changed, modified or terminated orally, but only by an agreement in writing signed by the party to be charged.

In the event the Payee or any holder hereof shall refer this Note to an attorney for collection, the Payors agree to pay, in addition to unpaid principal and interest, all the costs and expenses incurred in attempting or effecting collection hereunder, including, but not limited to, reasonable attorneys' fees, whether or not suit is instituted.

In the event of any litigation with respect to this Note, the Payors waive the right of trial by jury and waives all rights of setoff, claim, counterclaim or defense. The Payors hereby irrevocably consent to the jurisdiction of the courts of the State of New York and any Federal court located in such State in connection with any action or proceeding arising out of or relating to this Note.

This Note shall be governed by the laws of the State of New York.

This Note may be prepaid, in whole or in part, at any time prior to the due date.

This Note is in addition to an additional Note of even date in the principal sum of Two Million Dollars ($2,000,000.00) (the "2Mil Note"), which note covers prior principal loans from Payee to Payor and other good and valuable consideration. Any default under the 2Mil Note shall also be deemed to be a default under this Note.

2

**IN WITNESS WHEREOF,** the makers have duly executed this Note on the date first above written.

**CARDIS ENTERPRISES**
**INTERNATIONAL, B.V.**

By: _____
        **AARON FISCHMAN**
              Director

**CARDIS ENTERPRISES**
**INTERNATIONAL (USA), INC.**

By: _____
        **AARON FISCHMAN**
              President

**CARDIS ENTERPRISES**
**INTERNATIONAL, N.V.**

By: _____
        **AARON FISCHMAN**
              Director

**CHOSHEN ISRAEL LLC**

By: _____
        **AARON FISCHMAN**
          Managing Member

## <u>GUARANTY</u>

The undersigned hereby irrevocably agrees to guaranty payment of this Note under all the covenants and conditions contained therein, including, without limitation, the waiver of the right of trial by jury and waives all rights of setoff, claim, counterclaim or defense. Guarantor hereby irrevocably consent to the jurisdiction of the courts of the State of New York and any Federal court located in such State in connection with any action or proceeding arising out of or relating to this Note. Guarantor shall also be responsible for all the costs and expenses incurred in attempting or effecting collection hereunder, including, but not limited to, reasonable attorneys' fees, whether or not suit is instituted.

_____
        **AARON FISCHMAN**
              Guarantor

STATE OF NEW YORK    )
                                          ) ss.:
COUNTY OF NASSAU    )

On this 23rd day of February, 2015, before me personally came AARON FISCHMAN to me known, who being duly sworn, did depose and say that he resides in Woodmere, New York, that he executed the foregoing instrument and acknowledged to me that he did the same.

JONATHAN A. STEIN
Notary Public, State of New York
No. 02ST4755192
Qualified in Nassau County
Commission Expires February 28, 20__

_____
              Notary Public

J:\Documents\Cardis\$2Mil Note - 2-23-15 .wpd

3

## PROMISSORY NOTE

**$250,000.00**                                              Cedarhurst, New York
                                                            May 4, 2015

**FOR VALUE RECEIVED**, Aaron Fischman ("Payor"), having an address at 445 Central Avenue, Suite 201, Cedarhurst, NY 11516-2026 promise to pay Shalom S. Maidenbaum ("Payee"), having an office at 132 Spruce Street, Cedarhurst, New York 11516 at the aforementioned address or such place as Payee or any holder hereof may from time to time designate, the principal sum of Two Hundred Fifty Thousand Dollars ($250,000.00) together with all interest on the outstanding principal amount at a rate of eight (8%) percent per annum as set forth herein.

Payor is currently involved in a $5 Million raise for an entity to be formed with FIS global payment systems. Upon the earlier of the raising of the first $600,000.00 of said raise or June 15, 2015, *time being of the essence*, Payor shall pay $75,000.00. Thereafter, upon the earlier of the funding of $2 Million to Cardis Enterprises International or its affiliates or July 31, 2015, *time being of the essence*, Payor shall pay the balance of the loan together with any and all accrued interest.

If the Payor shall fail to make the payment as herein provided, or if Payor shall make any assignment for the benefit of creditors, or if meeting of creditors is convened or a committee of creditors is appointed for, or any petition or proceeding for any relief under any bankruptcy, reorganization, arrangement, insolvency, readjustment of debt, receivership, liquidation or dissolution law or statute now or hereinafter in effect (whether at law or in equity) is filed or commenced by or against, the Payor or any property of the Payor, or if any trustee or receiver is appointed for the Payor or any such property, then, and in any such event, in addition to all rights and remedies Payee may otherwise have, all such rights being deemed cumulative and not exclusive and enforceable alternatively, successively and concurrently, the Payee may, at his sole option, declare all amounts owing under this note to be due and payable, whereupon the maturity of the then unpaid balance thereof shall be accelerated and the same, together with all interest accrued thereon, shall be forthwith become due and payable. Immediately upon the occurrence of any event listed in the first sentence of this paragraph, and without any notice to Payor, interest shall accrue on the entire unpaid principal balance of this Note at the rate of sixteen (16%) percent per annum, or the highest rate allowable by law, whichever is less, for said occurrence until paid in full.

Payor waives presentation of this original Note for the payment of the debt required hereunder. The Payor and all endorsers, guarantors and sureties hereof hereby severally waive diligence, demand, presentment, protest and notice of any kind, and assent to extensions of the time of payment, release, surrender or substitution of security, or forbearance or other indulgence, without notice.

This Note may not be changed, modified or terminated orally, but only by an agreement in writing signed by the party to be charged.

In the event the Payee or any holder hereof shall refer this Note to an attorney for collection, the Payors agree to pay, in addition to unpaid principal and interest, all the costs and expenses incurred in attempting or effecting collection hereunder, including, but not limited to, reasonable attorneys' fees, whether or not suit is instituted.

In the event of any litigation with respect to this Note, the Payors waive the right of trial by jury and waives all rights of setoff, claim, counterclaim or defense. The Payors hereby irrevocably consent to the jurisdiction of the courts of the State of New York and any Federal court located in such State in connection with any action or proceeding arising out of or relating to this Note.

This Note shall be governed by the laws of the State of New York.

This Note may be prepaid, in whole or in part, at any time prior to the due date.

In addition to all the obligations set forth hereinabove, and for prior consideration, Payor also undertakes the following obligations, the breach of which shall also be deemed to be a default under this Note, even after said Note has been paid in full, subject to all remedies available to Payee, or any other third-party beneficiary hereunder:

1.     Payor represents that at least $2.5 Million of the $5 Million raise with FIS is to be used for the founding and formation of a new entity, currently to be known as Global Payment Network or "GPN."

2.     Payor currently anticipates the issuance of founders stock ("Founders Stock") for the new entity of which between 15% and 30% is to be set aside for Payor and his affiliated group. Based upon a calculation of 15% of the Founders Stock going to Payor and his releated group, 4.33⅓% of the total Founders Stock shall be issued to Payor, Aaron Fischman, Avi Tokayer and Shalom Maidenbaum, and 2% is to be issued to Jonathan Stein. These percentages of the Founders Stock so that of the total Founders Stock to be issued to Payor and his related group 13⅓% is to be issued to Stein and 86⅔% to be equally divided between Aaron Fischman, Avi Tokayer and Shalom Maidenbaum.

3.     When the first $500,000.00 of the FIS raise is paid to Cardis Enterprises International or its affiliates, $90,000.00 shall be paid to the account of Anthony Montilli together with all accrued interest on the monies owed to account of Anthony Montilli.

IN WITNESS WHEREOF, the maker has duly executed this Note on the date first above written.

**AARON FISCHMAN**
Payor

STATE OF NEW YORK     )
                      ) ss.:
COUNTY OF NASSAU      )

On this 4th day of May, 2015, before me personally came AARON FISCHMAN to me known, who being duly sworn, did depose and say that he resides in Woodmere, New York, that he executed the foregoing instrument and acknowledged to me that he did the same.

JONATHAN A. STEIN
Notary Public, State of New York
No. 02ST4755192
Qualified in Nassau County
Commission Expires February 28, 20__

Notary Public

I:\Documents\AF\$250K Note - 5-4-15.wpd                    2

## PROMISSORY NOTE

**$50,000.00**

Cedarhurst, New York
June 19, 2015

**FOR VALUE RECEIVED**, Aaron Fischman ("Payor"), having an address at 445 Central Avenue, Suite 201, Cedarhurst, NY 11516-2026 promise to pay Shalom S. Maidenbaum ("Payee"), having an office at 132 Spruce Street, Cedarhurst, New York 11516 at the aforementioned address or such place as Payee or any holder hereof may from time to time designate, the principal sum of Fifty Thousand Dollars ($50,000.00) together with all interest on the outstanding principal amount at a rate of eight (8%) percent per annum as set forth herein. All obligations under this Note shall be fully due and payable on or before September 30, 2015.

If the Payor shall fail to make the payment as herein provided, or if Payor shall make any assignment for the benefit of creditors, or if meeting of creditors is convened or a committee of creditors is appointed for, or any petition or proceeding for any relief under any bankruptcy, reorganization, arrangement, insolvency, readjustment of debt, receivership, liquidation or dissolution law or statute now or hereinafter in effect (whether at law or in equity) is filed or commenced by or against, the Payor or any property of the Payor, or if any trustee or receiver is appointed for the Payor or any such property, then, and in any such event, in addition to all rights and remedies Payee may otherwise have, all such rights being deemed cumulative and not exclusive and enforceable alternatively, successively and concurrently, the Payee may, at his sole option, declare all amounts owing under this note to be due and payable, whereupon the maturity of the then unpaid balance thereof shall be accelerated and the same, together with all interest accrued thereon, shall be forthwith become due and payable. Immediately upon the occurrence of any event listed in the first sentence of this paragraph, and without any notice to Payor, interest shall accrue on the entire unpaid principal balance of this Note at the rate of sixteen (16%) percent per annum, or the highest rate allowable by law, whichever is less, for said occurrence until paid in full.

Payor waives presentation of this original Note for the payment of the debt required hereunder. The Payor and all endorsers, guarantors and sureties hereof hereby severally waive diligence, demand, presentment, protest and notice of any kind, and assent to extensions of the time of payment, release, surrender or substitution of security, or forbearance or other indulgence, without notice.

This Note may not be changed, modified or terminated orally, but only by an agreement in writing signed by the party to be charged.

In the event the Payee or any holder hereof shall refer this Note to an attorney for collection, the Payors agree to pay, in addition to unpaid principal and interest, all the costs and expenses incurred in attempting or effecting collection hereunder, including, but not limited to, reasonable attorneys' fees, whether or not suit is instituted.

In the event of any litigation with respect to this Note, the Payors waive the right of trial by jury and waives all rights of setoff, claim, counterclaim or defense. The Payors hereby irrevocably

consent to the jurisdiction of the courts of the State of New York and any Federal court located in such State in connection with any action or proceeding arising out of or relating to this Note.

This Note shall be governed by the laws of the State of New York.

This Note may be prepaid, in whole or in part, at any time prior to the due date.

**IN WITNESS WHEREOF,** the maker has duly executed this Note on the date first above written.

_____
**AARON FISCHMAN**
Payor

STATE OF NEW YORK     )
                      ) ss.:
COUNTY OF NASSAU      )

On this 19th day of June, 2015, before me personally came AARON FISCHMAN to me known, who being duly sworn, did depose and say that he resides in Woodmere, New York, that he executed the foregoing instrument and acknowledged to me that he did the same.

_____
Notary Public

JONATHAN A. STEIN
Notary Public, State of New York
No. 02ST4755192
Qualified in Nassau County
Commission Expires February 28, 20 18

# EXHIBIT 5

3/15/2016                                          Check Image - Citibank



Print a Copy   Cl...

**ATM/Debit Card:** XXXX-XXXX-XXXX-2268

As of 03-15-2016 14:53 EDT

## SERVICES Check Details

| Account | Check # | Post Date | Amount |
|---|---|---|---|
| Shalom Interest Checking: 6745 | 4734 | 10/08/2014 | $ 100,000.00 |



**Security Tip:** Check Image files may be automatically saved on the hard drive of this computer. If other people use this computer you should delete these files so that no one will have access to your check images and account information. Learn more

3/15/2016                                    Check Image - Citibank



Print e Copy    Cl

**ATM/Debit Card: XXXX-XXXX-XXXX-2268**

As of 03-15-2016 14:54 EDT

## SERVICES Check Details

| Account | Check # | Post Date | Amount |
|---|---|---|---|
| Shalom Interest Checking: 6745 | 4739 | 11/10/2014 | $ 100,000.00 |



**Security Tip:** Check Image files may be automatically saved on the hard drive of this computer. If other people use this computer you should delete these files so that no one will have access to your check images and account information. Learn more

3/15/2016          Check Image - Citibank

 citi

Print a Copy    Clo

**ATM/Debit Card:** XXXX-XXXX-XXXX-2268

As of 03-15-2016 14:55 EDT

## SERVICES Check Details

| Account | Check # | Post Date | Amount |
|---|---|---|---|
| Shalom Interest Checking: 6745 | 4812 | 02/24/2015 | $ 75,000.00 |



**Security Tip:** Check Image files may be automatically saved on the hard drive of this computer. If other people use this computer you should delete these files so that no one will have access to your check images and account information. Learn more

# EXHIBIT 6

tibank Online – Check Image                                      https://online.citibank.com/US/usba/ci/presentCheckImage.do

 citi'                                                              Print   Close

**ATM/Debit Card: XXXX-XXXX-XXXX-2268**

As of 12-06-2010 15:29 EST

## Check Details

| Account | Check # | Post Date | Amount |
|---|---|---|---|
| shalom Interest Checking: XXXX6745 | 3096 | 06/23/2009 | $ 50,000.00 |





**Security Tip:** Check Image files may be automatically saved on the hard drive of this
computer. If other people use this computer you should delete these files so that no one

ibank Online – Check Image                                 https://online.citibank.com/US/usba/ci/presentCheckImage.do



Print   Close

**ATM/Debit Card: XXXX-XXXX-XXXX-2268**

As of 12-06-2010 15:29 EST

## Check Details

| Account | Check # | Post Date | Amount |
|---|---|---|---|
| shalom Interest Checking: XXXX6745 | 3071 | 08/04/2009 | $ 50,000.00 |









**Security Tip:** Check Image files may be automatically saved on the hard drive of this
computer. If other people use this computer you should delete these files so that no one
will have access to your check images and account information. Learn more

ibank Online - Check Image

https://online.citibank.com/US/usba/ci/presentCheckImage.do



Print   Close

ATM/Debit Card: XXXX-XXXX-XXXX-2268

As of 12-06-2010 15:32 EST

## Check Details

| Account | Check # | Post Date | Amount |
|---|---|---|---|
| shalom Interest Checking: XXXX6745 | 3099 | 09/23/2009 | $ 75,000.00 |





**Security Tip:** Check Image files may be automatically saved on the hard drive of this computer. If other people use this computer you should delete these files so that no one will have access to your check images and account information. Learn more

tibank Online - Check Image                    https://online.citibank.com/US/usba/ci/presentCheckImage.do

 **citi**

Print   Close

**ATM/Debit Card: XXXX-XXXX-XXXX-2268**

As of 12-06-2010 15:31 EST

## Check Details

| Account | Check # | Post Date | Amount |
|---------|---------|-----------|--------|
| shalom Interest Checking: XXXX6745 | 3224 | 12/28/2009 | $ 50,000.00 |





**Security Tip:** Check Image files may be automatically saved on the hard drive of this computer. If other people use this computer you should delete these files so that no one will have access to your check images and account information. Learn more

12/6/2010 3:31 PM

itibank Online - Check Image                          https://online.citibank.com/US/usba/ci/presentCheckImage.do

 citi

Print   Close

**ATM/Debit Card: XXXX-XXXX-XXXX-2268**

As of 12-06-2010 15:22 EST

## Check Details

| Account | Check # | Post Date | Amount |
|---|---|---|---|
| shalom Interest Checking: XXXX6745 | 3435 | 09/03/2010 | $ 200,000.00 |



**Security Tip:** Check Image files may be automatically saved on the hard drive of this computer. If other people use this computer you should delete these files so that no one will have access to your check images and account information. Learn more

:ibank Online - Check Image                    https://online.citibank.com/US/usba/ci/presentCheckImage.do

 citi                                            Print   Close

**ATM/Debit Card: XXXX-XXXX-XXXX-2268**

As of 12-06-2010 15:23 EST

## Check Details

| Account | Check # | Post Date | Amount |
|---|---|---|---|
| shalom Interest Checking: XXXX6745 | 3379 | 10/25/2010 | $ 100,000.00 |







**Security Tip:** Check Image files may be automatically saved on the hard drive of this computer. If other people use this computer you should delete these files so that no one will have access to your check images and account information. Learn more

https://businessaccess.citibank.citigroup.com/cbusol/ba/actions/BaActi...

reck Image

Print   Close

**CHECK 0000002124**
Date: 11/1/2010
Amount: $ 150,000.00





Did you know... Check Image files may be automatically saved on the hard drive of this computer. If other people use this computer you should delete these files so that no one will have access to your check images and account information. Learn more.

**CHECK 0000002124**

12/6/2010 3:25 PM



Ck Date: 12/10/2010 Ck No: 3454 Amt: $125000.00

SHALOM MAIDENBAUM
132 SPRUCE STREET
CEDARHURST, NY 11516

CITIBANK, N.A.
CEDARHURST, NY 11516
1-416/210

2159

4/6/2006

PAY TO THE
ORDER OF    Lawrence Katz, As Attorney                                          $ **25,000.00

Twenty Five Thousand Only _____ DOLLARS

MEMO    Investment in Rockland

Ck Date: 04/12/2006 Ck No: 2159 Amt: $25000.00

Ck Date: 04/12/2006 Ck No: 2159 Amt: $25000.00



Ck Date: 11/17/2009 Ck No: 3163 Amt: $50000.00



Ck Date: 11/17/2009 Ck No: 3163 Amt: $50000.00

*B*

# CHOSHEN ISRAEL LLC

CEDARHURST CENTER • 445 Central Avenue • Cedarhurst, NY 11516

(516) 374-9500 • (800) 593-9550 • Fax (516) 374-3361

11/6/07

Re: Cardis Investment

Hi Shalom:

This is to confirm that we have transferred from The Boss's daughter's investment of $ 75,000.00 that was tendered on December 16, 2005 to the following:

Shalom S. Maidenbaum- 25,000 shares & 12,500 warrants

Anthony Montilli- 25,000 shares & 12,500 warrants

Steven Garber- 25,000 shares & 12,500 warrants

The shares will be issued at the time of the offering. The warrants expiration will be extended through the offering date and each investor will be notified as to the last date that they can convert the warrant at .67 cents.

Sincerely,

Seth Rosenblatt
Choshen Israel

B.1



B2



*B 3*

Ck Date: 12/09/2005 Ck No: 2077 Amt: $37500.00

B 4

GARBER ATLAS FRIES & ASSOCIATES, INC.
OPERATING II ACCOUNT
3070 LAWSON BLVD.
OCEANSIDE, NY 11572-2711

THE FIRST NATIONAL
BANK OF LONG ISLAND
310 MERRICK ROAD
ROCKVILLE CENTRE, NEW YORK 11570
50-1133/214 11

4701

47013

PAY TWELVE THOUSAND FIVE HUNDRED DOLLARS and 00 CENTS

TO THE
RDER OF

Shalom S. Maidenbaum, Esq.

DATE
12/27/05

AMOUNT
$12,500.00*

OPERATING II ACCOUNT

AUTHORIZED SIGNATURE

⑆047013⑆ ⑆021411335⑆ 11 700465 5⑆

ROSENFELD & MAIDENBAUM / ATTORNEYS

Hi Luey
I will deposit $150M
$5,000 tomorrow and
$5,000 Monday

Curtis





Ck Date: 10/12/2006 Ck No: 2356 Amt: $25000.00

Ck Date: 10/12/2006 Ck No: 2356 Amt: $25000.00





Ck Date: 12/04/2007 Ck No: 2658 Amt: $25000.00



CK Date: 12/04/2007 CK No: 2658 Amt: $25000.00



Ck Date: 07/25/2008 Ck No: 2815 Amt: $75000.00

Page 10 of 12

ty 31, 2008
MAIDENBAUM
ount    923306745



Ck Date: 07/25/2008 Ck No: 2815 Amt: $75000.00



Ck Date: 06/23/2009 Ck No: 3097 Amt: $150000.00



Ck Date: 06/23/2009 Ck No: 3097 Amt: $150000.00



Ck Date: 08/05/2009 Ck No: 3072 Amt: $50000.00



Ck Date: 08/05/2009 Ck No: 3072 Amt: $50000.00



Ck Date: 08/05/2009 Ck No: 3073 Amt: $50000.00



Ck Date: 08/05/2009 Ck No: 3073 Amt: $50000.00



Ck Date: 08/05/2009 Ck No: 3074 Amt: $50000.00



Ck Date: 08/05/2009 Ck No: 3074 Amt: $50000.00

tibank Online - Check Image

https://online.citibank.com/US/usba/ci/presentCheckImage.do



Print   Close

**ATM/Debit Card: XXXX-XXXX-XXXX-2268**

As of 12-06-2010 15:43 EST

## Check Details

| Account | Check # | Post Date | Amount |
|---|---|---|---|
| shalom Interest Checking: XXXX6745 | 3083 | 09/23/2009 | $ 75,000.00 |





**Security Tip:** Check Image files may be automatically saved on the hard drive of this computer. If other people use this computer you should delete these files so that no one will have access to your check images and account information. Learn more



Ck Date: 02/08/2010 Ck No: 3271 Amt: $65000.00



Ck Date: 02/08/2010 Ck No: 3271 Amt: $65000.00



Ck Date: 02/04/2010 Ck No: 3244 Amt: $70000.00



Ck Date: 02/04/2010 Ck No: 3244 Amt: $70000.00



Ck Date: 05/06/2010 Ck No: 3311 Amt: $125000.00



Ck Date: 05/06/2010 Ck No: 3311 Amt: $125000.00

# EXHIBIT 7

## AGREEMENT

**AGREEMENT** made this 8th day of December, 2010, by and between Cardis International Ltd., Choshen Israel Group, LLC and Aaron Fischman (collectively "Cardis") having an address c/o Choshen Israel Group, LLC ("Choshen"), located at 445 Central Avenue, Cedahurst, New York 11516, and Shalom Maidenbaum ("Maidenbaum"), having an office address at 132 Spruce Street, Cedarhurst, New York 11516.

## W I T N E S S E T H:

**WHEREAS**, Aaron Fischman ("Fischman") has obtained investment and loans from Maidenbaum for the continued operation of Cardis; and

**WHERAS**, Fischman represents that Choshen is owned one hundred percent (100%) by Fischman and Avi Tokayer ("Tokayer"), having an address at Ranana, Israel, and is likewise jointly controlled by them; and

**WHEREAS**, to date, Maidenbaum has advanced $1,625,000.00 in personal funds to Choshen for the benefit of Cardis, consisting of $850,000.00 in direct stock purchases from Choshen of Cardis stock and the issuance of like warrants at an equal cost, and $775,000.00 as loans to Cardis, due and payable on December 15, 2011 (the "Loan Amount"); and

**WHEREAS**, the Loan Amount is secured by a Promissory Note (the "Note"), which is annexed hereto and made a part hereof; and

**WHEREAS**, Fischman and Cardis acknowledge that solely through Maidenbaum's various introductions, and in particular Jonathan A. Stein ("Stein"), Cardis has been able to gain access to a renowned banking industry analyst, and through that person, an investment banking relationship with Merrill Lynch/Bank of America; and

**WHEREAS**, Fischman represents that directly or indirectly he and Tokayer, individually or through corporate affiliates, partnerships and family members (the "Related Group"), or through entities in which they have any interest, beneficially own Cardis shares and warrants in the amount of approximately twenty-five percent to thirty percent (25% - 30%) of the issued and outstanding shares of Cardis Stock; and

**WHEREAS**, the parties desire to set forth their agreement with respect to Maidenbaum's ownership rights and Cardis' loan obligations to Maidenbaum; and

**WHEREAS**, Maidenbaum has agreed to lend or obtain or invest additional capital in the amount of $250,000.00; and

**WHEREAS**, Fischman and Cardis represent that there are no loans recorded on the books and records of Cardis from the Related Group or any individual or entity that is part thereof; and

**WHEREAS**, Fischman and Cardis represent that no individual or entity that is included in the Related Group owns or is presently entitled to warrants, stock options, debt or convertible debt in Cardis; and

**WHEREAS**, Tokayer and Cardis represent that the books and records of Cardis presently reflect that Maidenbaum owns 8,263,762 shares of Cardis stock and 6,763,238 warrants to purchase an additional 6,763,238 shares of Cardis at twenty-five cents (25¢) per share through and including August 31, 2010, for a combined total of 15,000,000 shares if and when Maidenbaum fully exercises said warrants ("Maidenbaum Issued Shares"); and

**WHEREAS**, the books and records of Cardis do not reflect the approximately 5,000,000 shares of Cardis, already outstanding, but not previously issued, and previously earmarked for the equal benefit of Fischman, Tokayer, Maidenbaum and Stein are not affected by this agreement, and any shares issued or provided for hereunder are in addition to, rather than in place of, said shares; and

**WHEREAS**, in connection with the agreement between the parties hereto, any like shares designated for distribution, other than to a *bona fide* purchaser or investor shall likewise be equally divided between Fischman, Tokayer, Maidenbaum and Stein, other than the shares issued and provided for under this agreement.

**NOW THEREFORE**, in consideration of the foregoing, the adequacy of consideration for which is hereby mutually acknowledged, the parties agree as follows:

1.      On or before January 31, 2011 Fischman shall cause the delivery of sufficient shares from Choshen, Fischman, Tokayer and/or Cardis, calculated to raise Maidenbaum's Fully Issued Shares to an amount equal to at least one-half the total of the combined holdings of the Related Group. By way of example, if the total combined holdings of the Related Group is twenty-five percent (25%) of the fully diluted and issues shares of Cardis, and is equal for this example to 50,000,000 shares, then Maidenbaum shall be delivered an additional 10,000,000 shares of Cardis so that he owns twelve and one-half percent (12.5%) or 25,000,000 of the fully diluted and issued shares of Cardis.

2.      Maidenbaum shall deem $100,000.00 of the Loan Amount due as an additional investment in Cardis reducing the Loan Amount balance from $650,000.00 to $550,000.00.

3.      The Loan Amount shall be immediately due and payable upon the occurrence of any of the following events:

        (a)      Cardis obtaining investment capital through any private placement in excess of $1,000,000.00. For the purposes of this agreement

2

$1,000,000.00 shall include the combined aggregate fo all individual family members, affiliated corporate and partnership entities of such family members. For purposes of this agreement, Private Placement shall include any financing obtained from an individual, family, group, investment banker, retail brokerage house, venture capital fund and/or a corporate or partnership entity. In addition it shall include any funds raised through an introduction by Merrill Lynch/Bank of America;

      (b)    The voluntary or involuntary filing of a dissolution or bankruptcy of Cardis;

      (c)    The failure to deliver to Maidenbaum shares and/or warrants due to Maidenbaum after ten (10) days of due written demand by Maidenbaum;

4.    Fischman agrees that:

      (a)    He shall simultaneously cause any future shares, options, warrants or convertible debt that may from time to time accrue for the benefit of or be issued and/or distributed to any individual or entity that is part of the Related Group to be distributed or issued as the case may be directly to Maidenbaum and Stein as to a fifty percent (50%) share of such distribution. The intent of the parties is that Maidenbaum's and Stein's beneficial interest shall not be diluted to any less than (i) as to Maidenbaum, fifty percent (50%) of the aggregate combined shares of the Related Group, and (ii) as to Stein, any less than his pro-rata percentage owned by Stein after the delivery to him of his allocation of the approximately 5,000,000 shares referred to in paragraph 6, together with the shares and warrants due to Stein as of the date hereof.

      (b)    To the extent he or any of the Related Group members are a party to a private sale of Cardis shares to any investor or third party, Maidenbaum shall be entitled to participate in fifty percent (50%) of the sale above and beyond the Loan Amount due in

3

paragraph 2. Such sale shall be on no less than ten (10) day's notice in the manner specified in this agreement.

(c)     To the extent warrants expire for Maidenbaum or any of the people he introduced Fischman shall cause the extension of such warrants for three (3) successive three (3) year periods.

5.     All notices or other communications pursuant to this agreement shall be given in writing, served upon a party at the addresses set forth above, by (a) hand delivery or (b) by overnight courier at their addresses set forth above, with additional notices as follows or (c) facsimile transmission and e-mail:

<u>To Cardis</u>:

Cardis International, Ltd.
c/o Choshen Israel Group, Ltd.
445 Central Avenue, Suite 201
Cedarhurst, NY 11516-2026
<u>Attention</u>:  Aaron Fishman
E-mail: aaron@choshenisr.com
Facsimile: (516) 374-3361

with copy to

Lawrence Katz, Esq.
445 Central Ave Unit 201
Cedarhurst, New York  11516
E-mail: lkatz@lawkatz.com
Facsimile: (516) 706-2402

<u>To Maidenbaum</u>:

Shalom S. Maidenbaum
132 Spruce Street
Cedarhurst, New York 11516-1914
E-Mail: ssmspruce@aol.cm
Facsimile: (516) 569-8105

with copy to

4

Jonathan A. Stein, Esq.
Jonathan A. Stein, P.C.
132 Spruce Street
Cedarhurst, New York 11516-1915
E-mail: jonsteinlaw@gmail.com
Facsimile: (516) 295-0957

or to such other address or to the attention of such other person as hereafter shall be designated.

6.    This agreement sets forth the entire agreement and understanding of the parties with respect to the transaction contemplated herein and supersedes all prior agreements and understandings related to the subject matter hereof. It is further agreed that the within agreement and any exhibit annexed hereto are the result of extensive negotiations between the parties.  It is understood and agreed that both parties shall be deemed to have drawn these documents in order to avoid any negative inference by any court as against the preparer of this agreement, i.e., the parties expressly waive invocation of the doctrine of *contra proferentum*.  Notwithstanding the foregoing, the allocation of approximately 5,000,000 shares on September 2, 2010 is not superceded by this agreement and shall be delivered along with and in addition to the amounts set forth in paragraph 1 herein.

7.    All the terms and provisions of this agreement shall be binding upon and inure to the benefit of and by the respective parties, their heirs, assigns, executors, administrators, legal representatives and successors-in-interest to their property.

8.    This agreement may be amended, modified or cancelled and any of the provisions hereof may be waived, only by a written instrument executed by the parties hereto, or in the case of a waiver, by the party waiving compliance.

9.    This agreement shall be governed and construed in accordance with the laws of the State of New York, where it was made.  Any action or proceeding commenced concerning the subject of this agreement shall be commenced in the Supreme Court of the State of New York held in and for the County of Nassau, or in the United States District Court for the Eastern District of New York, Long Island Annex.   In the event a dispute among the parties must be resolved by litigation, the prevailing party in such litigation shall be entitled to reimbursement from the other party of its reasonable attorneys' fees, court costs, and other reasonable expenses in connection with the litigation.

10.    If any of the provisions of this agreement are held to be invalid by any court, the invalidity of said provision shall not invalidate any others.  Moreover, if any one or more of the provisions of this Agreement are held to be excessively broad as to duration, activity or subject, such provision shall be construed by limiting and reducing them so as to be enforceable to the maximum extent allowed by applicable law.

11.    Fischman hereby personally agrees to to defend, hold harmless and expeditiously indemnify Maidenbaum from any and all liability or action, whether in law or in equity, in any manner arising out of the representations and warranties made to Maidenbaum in this agreement or fro any breach or violation of any warrant covenant contained in this agreement, including reasonable attorneys' fees and other reasonable costs incurred in the defense of any legal proceeding asserting such a claim.

12.    This agreement may be signed in counterparts and is fully enforceable as soon as it is signed by anyone on behalf of Cardis and Shalom S. Maidenbaum.

**IN WITNESS WHEREOF**, the parties have executed this agreement on the date first above written.

**CARDIS ENTERPRISES INTERNATIONAL, B.V.**

By: _____
**AARON FISCHMAN**
Treasurer

_____
**SHALOM S. MAIDENBAUM**

**CHOSHEN ISRAEL GROUP, LTD.**

By: _____
**AARON FISCHMAN**
President

_____
**JONATHAN A. STEIN**

_____
**AARON FISCHMAN**
Individually

# EXHIBIT 8

# PROMISSORY NOTE

**$775,000.00**                                          Cedarhurst, New York
                                                         December 8, 2010

      **FOR VALUE RECEIVED,** Choshen Israel, Ltd. ("Payor"), having an address at 445 Central Avenue, Suite 201, Cedarhurst, New York 11516, promises to pay Shalom S. Maidenbaum ("Payee"), having an office at 132 Spruce Street, Cedarhurst, New York 11516 at the aforementioned address or such place as Payee or any holder hereof may from time to time designate, the principal sum of Six Hundred-Fifty Thousand Dollars ($775,000.00) together with all interest on the outstanding principal amount at a rate of eight (8%) percent per anum, upon demand, or no later than December 15, 2010, based upon the following schedule:

| Date | Amount |
|------|--------|
| June 18, 2009 | $50,000.00 |
| July 29, 2009 | $50,000.00 |
| September 21, 2009 | $50,000.00 |
| December 23, 2009 | $50,000.00 |
| September 2, 2010 | $200,000.00 |
| October 21, 2010 | $100,000.00 |
| October 29, 2010 | $150,000.00 |
| December 8, 2010 | $125,000.00 |

      If the Payor shall fail to make the payment as herein provided, or if Payor shall make any assignment for the benefit of creditors, or if meeting of creditors is convened or a committee of creditors is appointed for, or any petition or proceeding for any relief under any bankruptcy, reorganization, arrangement, insolvency, readjustment of debt, receivership, liquidation or dissolution law or statute now or hereinafter in effect (whether at law or in equity) is filed or commenced by or against, the Payor or any property of the Payor, or if any trustee or receiver is appointed for the Payor or any such property, then, and in any such event, in addition to all rights and remedies Payee may otherwise have, all such rights being deemed cumulative and not exclusive and enforceable alternatively, successively and concurrently, the Payee may, at his sole option, declare all amounts owing under this note to be due and payable, whereupon the maturity of the then unpaid balance thereof shall be accelerated and the same, together with all interest accrued thereon, shall be forthwith become due and payable.  Immediately upon the occurrence of any event listed in the first sentence of this paragraph, and without any notice to Payor, interest shall accrue on the entire unpaid principal balance of this Note at the rate of twenty-four (24%) percent per annum, or the highest rate allowable by law, whichever is less, for said occurrence until paid in full.

      Payor waives presentation of this original Note for the payment of the debt required hereunder.  The Payor and all endorsers, guarantors and sureties hereof hereby severally waive diligence, demand, presentment, protest and notice of any kind, and assent to extensions of the time of payment, release, surrender or substitution of security, or forbearance or other indulgence, without notice.

      This Note may not be changed, modified or terminated orally, but only by an agreement in writing signed by the party to be charged.

In the event the Payee or any holder hereof shall refer this Note to an attorney for collection, the Payors agree to pay, in addition to unpaid principal and interest, all the costs and expenses incurred in attempting or effecting collection hereunder, including, but not limited to, reasonable attorneys' fees, whether or not suit is instituted.

In the event of any litigation with respect to this Note, the Payors waive the right of trial by jury and waives all rights of setoff, claim, counterclaim or defense. The Payors hereby irrevocably consent to the jurisdiction of the courts of the State of New York and any Federal court located in such State in connection with any action or proceeding arising out of or relating to this Note.

This Note shall be governed by the laws of the State of New York.

This Note may be prepaid, in whole or in part, at any time prior to the due date.

**IN WITNESS WHEREOF,** the makers have duly executed this Note on the date first above written.

**CHOSHEN ISRAEL, LLC**

**AARON FISCHMAN**
Managing Member

## GUARANTY

The undersigned hereby irrevocably agrees to guaranty payment of this Note under all the covenants and conditions contained therein, including, without limitation, the waiver of the right of trial by jury and waives all rights of setoff, claim, counterclaim or defense. Guarantor hereby irrevocably consent to the jurisdiction of the courts of the State of New York and any Federal court located in such State in connection with any action or proceeding arising out of or relating to this Note. Guarantor shall also be responsible for all the costs and expenses incurred in attempting or effecting collection hereunder, including, but not limited to, reasonable attorneys' fees, whether or not suit is instituted.

STATE OF NEW YORK     )
                      ) ss.:
COUNTY OF NASSAU      )

Aaron Fischman

On this 8th day of December, 2010, before me personally came AARON FISCHMAN to me known, who being duly sworn, did depose and say that he resides in Woodmere, New York, that he executed the foregoing instrument and acknowledged to me that he did the same.

JONATHAN A. STEIN
Notary Public, State of New York
No. 02ST4755192
Qualified in Nassau County
Commission Expires February 28, 20 14

_____
Notary Public

J:\Documents\Cardis\GIG to SSM Note.wpd                    2

EXHIBIT 9



Ck Date: 12/10/2010 Ck No: 3454 Amt: $125000.00

EXHIBIT 10



Ck Date: 03/03/2011 Ck No: 3551 Amt: $50000.00



Ck Date: 03/17/2011 Ck No: 3559 Amt: $10000.00



Ck Date: 03/22/2011 Ck No: 3571 Amt: $50000.00



SHALOM MAIDENBAUM
60 BAY BERRY RD
LAWRENCE, NY 11559

3572

03/18/2011

PAY TO THE
ORDER OF ___ Lawrence Katz, As Attorney

$ **25,000.00

Twenty-five thousand and 00/100************************************ DOLLARS

CITIBANK, N.A.
CENTEREACH, NY 11720
1-4-148/210

MEMO ___ temporary loan

Ck Date: 03/29/2011 Ck No: 3572 Amt: $25000.00



SHALOM MANDELBAUM
50 DAY BERRY RD
LAWRENCE, NY 11559

3581

CITIBANK, N.A.
CENTEREACH, NY 11720
1-14/210

04/01/2011

PAY TO THE
ORDER OF    Lawrence Katz, As Attorney                                    $ **50,000.00

Fifty thousand and 00/100********************************************************* DOLLARS

MEMO    temporary loan

⑆003581⑆ ⑈021001486⑈ 000023067.5⑊

Ck Date: 04/04/2011 Ck No: 3581 Amt: $50000.00



Ck Date: 09/03/2013 Ck No: 4342 Amt: $150000.00



Ck Date: 09/03/2013 Ck No: 4341 Amt: $100000.00



LAWRENCE KATZ
IOLA
446 CENTRAL AVE, UNIT 201
CEDARHURST, NY 11516-2026

1904

DATE _Feb 7, 2014_

PAY TO THE ORDER OF _Shelem Maidenbom_  $ 25000⁰⁰

_Twenty Five Thousand_ ⁰⁰/₁₀₀ DOLLARS

Bank of America

FOR _Chalus_

⑆001904⑆ ⑈021000322⑈ 021630156710⑈

116948654 82142814 NY872 9660265 BIC

# EXHIBIT 11

3/14/2016                                          Check Image - Citibank



Print a Copy     Clc

ATM/Debit Card: XXXX-XXXX-XXXX-2268

As of 03-14-2016 15:24 EDT

## SERVICES Check Details

| Account | Check # | Post Date | Amount |
|---------|---------|-----------|--------|
| Shalom Interest Checking: 6745 | 4850 | 05/06/2015 | $ 250,000.00 |



**Security Tip:** Check Image files may be automatically saved on the hard drive of this computer. If other people use this computer you should delete these files so that no one will have access to your check images and account information. Learn more

# EXHIBIT 12

3/14/2016                 Check Image - Citibank

 citi

Print a Copy   Clc

**ATM/Debit Card: XXXX-XXXX-XXXX-2268**

As of 03-14-2016 15:24 EDT

## SERVICES Check Details

| Account | Check # | Post Date | Amount |
|---------|---------|-----------|--------|
| Shalom Interest Checking: 6745 | 4876 | 06/22/2015 | $ 50,000.00 |



**Security Tip:** Check Image files may be automatically saved on the hard drive of this computer. If other people use this computer you should delete these files so that no one will have access to your check images and account information. Learn more

EXHIBIT 13

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
------------------------------------------------------------------------x

SHALOM S. MAIDENBAUM,                                    Index No.

                              Plaintiff,

                                                        **AFFIDAVIT OF**
          -against-                                     **CONFESSION OF**
                                                        **JUDGMENT**

CARDIS ENTERPRISES INTERNATIONAL, B.V.,
CARDIS ENTERPRISES INTERNATIONAL, N.V.,
CARDIS ENTERPRISES INTERNATIONAL (USA), INC.,
CHOSHEN ISRAEL LLC and AARON FISCHMAN,

                              Defendants.
------------------------------------------------------------------------x

STATE OF NEW YORK      )
                       ) ss.:
COUNTY OF NASSAU       )

          AARON FISCHMAN, being duly sworn, depose and say:

          1.    I am the individual named defendant. I am also the Chief Executive Officer ("CEO")

and Director of defendants Cardis Enterprises International, B.V. ("Cardis BV") and Cardis

Enterprises International, N.V. ("Cardis NV"). I am also the President and CEO of defendant Cardis

Enterprises International (USA), Inc. ("Cardis USA") and I am the Managing Member of defendant

Choshen Israel LLC ("Choshen"). I submit this confession of judgment for the purpose of entry of

judgment against Cardis BV, Cardis NV, Cardis USA, Choshen and myself. Cardis BV, Cardis NV,

Cardis USA and Choshen have offices at 445 Central Avenue, Cedarhurst, New York 11516, located

in the County of Nassau, State of New York. I personally reside at 703 Carlyle Avenue, Woodmere,

New York 11598, which is located in the County of Nassau, State of New York.

          2.    This confession of judgment is for a debt justly due to the plaintiff Shalom S.

Maidenbaum, arising from a promissory note (the "Note") executed by Cardis BV, Cardis NV,

Cardis USA and Choshen on February 23, 2015 and personally guaranteed by me on the same date, with interest at an annual percentage rate of eight percent (8%).

3.      The Note was due and payable on April 30, 2015, and upon default in payment, began to accrue interest at the rate of twenty-four percent (24%) or the maximum amount permitted by law, whichever sum is less.

4.      Currently, Cardis BV, Cardis NV, Cardis USA and Choshen are in default under their obligations under the note and I am personally responsible for their default under the terms of the guaranty.

5.      Neither Choshen, nor Cardis nor I has any defense to the payment of the obligations in the Notes. Accordingly, we hereby confess judgment, jointly and severally, pursuant to CPLR § 3218, in favor of Shalom S. Maidenbaum in the sum of Two Hundred Seventy-Five Thousand Dollars ($275,000.00) with interest at the rate of twelve percent (8%) from February 23, 2015 to and including April 30, 2015, and thereafter, at the rate of twenty-four percent (24%), until such time as judgment is entered, and thereafter, at the statutory rate of nine percent (9%) until such time as the entire obligation is paid in full.

6.      On behalf of myself, Choshen and Cardis, I hereby authorize plaintiff, Shalom S. Maidenbaum, his attorneys, agents, representatives, and assigns to enter judgment therefor against us in the Supreme Court of the State of New York, County of Nassau, for the total amount due.

7.      We admit that we are unconditionally, and jointly and severally, liable to plaintiff Shalom S. Maidenbaum for the total amount set forth herein, and that we do not have any defense, offset or claim against plaintiff.

2

8.      We also admit that we have consulted with and shown this confession of judgment to an attorney and have no defense to the debt acknowledged herein.

9.      This Confession of Judgment is not prohibited by CPLR § 3201.

10.      This Confession of Judgment is not for the purpose of securing Shalom S. Maidenbaum against a contingent liability.

**AARON FISCHMAN**
**Individually, and as Managing Member**
**of Choshen Israel, LLC, and as**
**CEO and Director of**
**Cardis Enterpirses International, B.V. and**
**Cardis Enterprises Inernational, N.V.**
**and as President and CEO of**
**Cardis Enterpirses International (USA) Inc.**

Sworn to before me this
4th day of May 2015

Notary Public

JONATHAN A. STEIN
Notary Public, State of New York
No. 02ST4755192
Qualified in Nassau County
Commission Expires February 28, 20 18

J:\Private\Jon\Documents\Cardis\Fischman Loan\Confession of Judgment 275K.wpd

3

# EXHIBIT 14

FILED: NASSAU COUNTY CLERK 06/21/2020 10:37 AM
NYSCEF DOC. NO. 6
Case 7:24-cv-02592-NSR   Document 1-8   Filed 04/05/24   Page 137 of 179

INDEX NO. 608520/2020
RECEIVED NYSCEF: 06/21/2020

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
------------------------------------------------------------------------x

SHALOM S. MAIDENBAUM,                                    Index No.

                                    Plaintiff,

        -against-                                       **AFFIDAVIT OF
                                                        CONFESSION OF
                                                        JUDGMENT**

CARDIS ENTERPRISES INTERNATIONAL, B.V.,
CARDIS ENTERPRISES INTERNATIONAL, N.V.,
CARDIS ENTERPRISES INTERNATIONAL (USA), INC.,
CHOSHEN ISRAEL LLC and AARON FISCHMAN,

                                    Defendants.
------------------------------------------------------------------------x

STATE OF NEW YORK   )
                    ) ss.:
COUNTY OF NASSAU    )

        AARON FISCHMAN, being duly sworn, depose and say:

        1.      I am the individual named defendant. I am also the Chief Executive Officer ("CEO")

and Director of defendants Cardis Enterprises International, B.V. ("Cardis BV") and Cardis

Enterprises International, N.V. ("Cardis NV"). I am also the President and CEO of defendant Cardis

Enterprises International (USA), Inc. ("Cardis USA") and I am the Managing Member of defendant

Choshen Israel LLC ("Choshen"). I submit this confession of judgment for the purpose of entry of

judgment against Cardis BV, Cardis NV, Cardis USA, Choshen and myself. Cardis BV, Cardis NV,

Cardis USA and Choshen have offices at 445 Central Avenue, Cedarhurst, New York 11516, located

in the County of Nassau, State of New York. I personally reside at 703 Carlyle Avenue, Woodmere,

New York 11598, which is located in the County of Nassau, State of New York.

        2.      This confession of judgment is for a debt justly due to the plaintiff Shalom S.

Maidenbaum, arising from a promissory note (the "Note") executed by Cardis BV, Cardis NV,

Case 7:24-cv-02592-NSR   Document 1-8   Filed 04/05/24   Page 138 of 179

Cardis USA and Choshen on February 23, 2015 and personally guaranteed by me on the same date, with interest at an annual percentage rate of eight percent (8%).

3.      The Note was due and payable on April 30, 2015, and upon default in payment, began to accrue interest at the rate of twenty-four percent (24%) or the maximum amount permitted by law, whichever sum is less.

4.      Currently, Cardis BV, Cardis NV, Cardis USA and Choshen are in default under their obligations under the note and I am personally responsible for their default under the terms of the guaranty.

5.      Neither Choshen, nor Cardis nor I has any defense to the payment of the obligations in the Notes. Accordingly, we hereby confess judgment, jointly and severally, pursuant to CPLR § 3218, in favor of Shalom S. Maidenbaum in the sum of Two Million Dollars ($2,000,000.00) with interest at the rate of twelve percent (8%) from February 23, 2015 to and including April 30, 2015, and thereafter, at the rate of twenty-four percent (24%), until such time as judgment is entered, and thereafter, at the statutory rate of nine percent (9%) until such time as the entire obligation is paid in full.

6.      On behalf of myself, Choshen and Cardis, I hereby authorize plaintiff, Shalom S. Maidenbaum, his attorneys, agents, representatives, and assigns to enter judgment therefor against us in the Supreme Court of the State of New York, County of Nassau, for the total amount due.

7.      We admit that we are unconditionally, and jointly and severally, liable to plaintiff Shalom S. Maidenbaum for the total amount set forth herein, and that we do not have any defense, offset or claim against plaintiff.

2

8.      We also admit that we have consulted with and shown this confession of judgment to an attorney and have no defense to the debt acknowledged herein.

9.      This Confession of Judgment is not prohibited by CPLR § 3201.

10.     This Confession of Judgment is not for the purpose of securing Shalom S. Maidenbaum against a contingent liability.

_____
**AARON FISCHMAN**
**Individually, and as Managing Member**
**of Choshen Israel, LLC, and as**
**CEO and Director of**
**Cardis Enterpirses International, B.V. and**
**Cardis Enterpirses Inernational, N.V.**
**and as President and CEO of**
**Cardis Enterpirses International (USA) Inc.**

Sworn to before me this
4th day of May 2015

_____
Notary Public

JONATHAN A. STEIN
Notary Public, State of New York
No. 02ST4755192
Qualified in Nassau County
Commission Expires February 28, 20 16

J:\Private\Jon\Documents\Cardis\Fischman Loan\Confession of Judgment 2Mil.wpd          3

EXHIBIT 15

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
-------------------------------------------------------------------------x

SHALOM S. MAIDENBAUM,                                    Index No.

                              Plaintiff,

                                                         **AFFIDAVIT OF**
            -against-                                    **CONFESSION OF**
                                                         **JUDGMENT**

AARON FISCHMAN,

                              Defendant.
-------------------------------------------------------------------------x

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF NASSAU     )

            AARON FISCHMAN, being duly sworn, depose and say:

            1.      I am the individual named defendant.  I personally reside at 703 Carlyle Avenue,

Woodmere, New York 11598, which is located in the County of Nassau, State of New York.

            2.      This confession of judgment is for a debt justly due to the plaintiff Shalom S.

Maidenbaum, arising from a promissory note (the "Note") executed by me on May 4, 2015, with

interest at an annual percentage rate of eight percent (8%).

            3.      The Note was due and payable on July 31, 2015, and upon default in payment, began

to accrue interest at the rate of sixteen percent (16%) or the maximum amount permitted by law,

whichever sum is less.

            4.      Currently, I am in default under my obligations under the Note.

            5.      I have no defense to the payment of the obligations in the Note.  Accordingly, I hereby

confess judgment, pursuant to CPLR § 3218, in favor of Shalom S. Maidenbaum in the sum of Two

Hundred Fifty Thousand Dollars ($250,000.00) with interest at the rate of eight percent (8%) from

June 19, 2015 to and including September 30, 2015, and thereafter, at the rate of sixteen percent

Case 7:24-cv-02592-NSR    Document 1-8    Filed 04/05/24    Page 142 of 179

(16%), until such time as judgment is entered, and thereafter, at the statutory rate of nine percent (9%) until such time as the entire obligation is paid in full.

6.      On behalf of myself, I hereby authorize plaintiff, Shalom S. Maidenbaum, his attorneys, agents, representatives, and assigns to enter judgment therefor against us in the Supreme Court of the State of New York, County of Nassau, for the total amount due.

7.      I admit that we are unconditionally, and jointly and severally, liable to plaintiff Shalom S. Maidenbaum for the total amount set forth herein, and that we do not have any defense, offset or claim against plaintiff.

8.      I also admit that I have consulted with and shown this confession of judgment to an attorney and have no defense to the debt acknowledged herein.

9.      This Confession of Judgment is not prohibited by CPLR § 3201.

10.     This Confession of Judgment is not for the purpose of securing Shalom S. Maidenbaum against a contingent liability.

**AARON FISCHMAN**

Sworn to before me this
24th day of December, 2015

Notary Public

JONATHAN A. STEIN
Notary Public, State of New York
No. 02ST4755192
Qualified in Nassau County
Commission Expires February 28, 2019

J:\Private\Jon\Documents\Cardis\Fischman Loan\Confession of Judgment AF 50K.wpd

2

# EXHIBIT 16

Case 7:24-cv-02592-NSR    Document 1-8    Filed 04/05/24    Page 144 of 179

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
------------------------------------------------------------------------x

SHALOM S. MAIDENBAUM,                                    Index No.

                            Plaintiff,

                                                         **AFFIDAVIT OF**
        -against-                                        **CONFESSION OF**
                                                         **JUDGMENT**
AARON FISCHMAN,


                            Defendant.

------------------------------------------------------------------------x

STATE OF NEW YORK      )
                       ) ss.:
COUNTY OF NASSAU       )

        AARON FISCHMAN, being duly sworn, depose and say:

        1.      I am the individual named defendant. I personally reside at 703 Carlyle Avenue,

Woodmere, New York 11598, which is located in the County of Nassau, State of New York.

        2.      This confession of judgment is for a debt justly due to the plaintiff Shalom S.

Maidenbaum, arising from a promissory note (the "Note") executed by me on May 4, 2015, with

interest at an annual percentage rate of eight percent (8%).

        3.      The Note was due and payable on July 31, 2015, and upon default in payment, began

to accrue interest at the rate of sixteen percent (16%) or the maximum amount permitted by law,

whichever sum is less.

        4.      Currently, I am in default under my obligations under the Note.

        5.      I have no defense to the payment of the obligations in the Note. Accordingly, I hereby

confess judgment, pursuant to CPLR § 3218, in favor of Shalom S. Maidenbaum in the sum of

Fifty Thousand Dollars ($50,000.00) with interest at the rate of eight percent (8%) from June 19,

2015 to and including September 30, 2015, and thereafter, at the rate of sixteen percent

(16%), until such time as judgment is entered, and thereafter, at the statutory rate of nine percent

(9%) until such time as the entire obligation is paid in full.

6.      On behalf of myself, I hereby authorize plaintiff, Shalom S. Maidenbaum, his

attorneys, agents, representatives, and assigns to enter judgment therefor against us in the Supreme

Court of the State of New York, County of Nassau, for the total amount due.

7.      I admit that we are unconditionally, and jointly and severally, liable to plaintiff

Shalom S. Maidenbaum for the total amount set forth herein, and that we do not have any defense,

offset or claim against plaintiff.

8.      I also admit that I have consulted with and shown this confession of judgment to an

attorney and have no defense to the debt acknowledged herein.

9.      This Confession of Judgment is not prohibited by CPLR § 3201.

10.     This Confession of Judgment is not for the purpose of securing Shalom S.

Maidenbaum against a contingent liability.

**AARON FISCHMAN**

Sworn to before me this
24th day of December, 2015

Notary Public

JONATHAN A. STEIN
Notary Public, State of New York
No. 02ST4755192
Qualified in Nassau County
Commission Expires February 28, 20 18

2

# **Exhibit D**

# Motion to Withdraw Reference in

# Weisshaus v. Maidenbaum

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In the Bankruptcy Proceedings for a Chapter 11 Reorganization of | Chapter 11 Bankruptcy No.: 23-36038-cgm |
| AARON FISCHMAN, | |
| *Debtor,* | |
| YOEL WEISSHAUS, | Adv. Proceeding No.: 23-09024 (CGM) |
| *Creditor-Plaintiff,* | |
| -against- | **JOINT PRETRIAL ORDER** |
| JONATHAN A. STEIN, and SHALOM MAIDENBAUM in his individual and official capacity on behalf of CARDIS ENTERPRISES INTERNATIONAL B.V. and CARDIS ENTERPRISES INTERNATIONAL N.V. and CARDIS ENTERPRISES INTERNATIONAL (USA), INC., | |
| *Creditors-Defendants,* | |
| and | |
| AARON FISCHMAN, | |
| Debtor-Nominal Defendant. | |

A pre-trial conference was held before the Honorable Cecelia G. Morris in the above-captioned adversary proceeding on February 13, 2024. The parties have agreed, and the Court has determined that the following schedule shall govern the events leading up to and including the final pre-trial conference in the matter regarding:

I.        This is a core proceeding under 28 USC 157(2)(B), (E), (F), (H) and (K) to determine whether to allow or disallow a debt against the estate or exemptions from property of the estate, for the purposes of confirming a plan under chapter 11.

II.        Discovery: The parties will develop a discovery plan so that all forms of discovery:

a. Within seven (7) days after entering this order, the parties shall exchange initial disclosures as required pursuant to FRCP 26(a).

b. Within fourteenth days after entering this order, the parties shall issue documents demands.

c. The parties shall respond to all documents demands within ten (10) days of receipt of such demand.

d. The parties shall issue interrogatories demands within five (5) weeks of the entry of this order.

e. The parties shall issue deposition demands within six (6) weeks of the entry of this order.

f. The parties shall comply with all deposition demands within ten (10) weeks of the entry of this order.

g.  The parties shall designate their expert witnesses and submit a Joint Pretrial Conference Order within twelve (12) weeks of the entry of this order.

III.        Pursuant to LBR 7007-1(b), motions related to discovery disputes may not be brought until the parties have requested from chambers an informal discovery conference.  An informal discovery conference may be requested by letter with notice to the parties to this scheduling order or as otherwise required by the Bankruptcy Code and Federal Rules of Bankruptcy Procedure.  The letter requesting an informal discovery conference should state the nature of the request and provide five (5) days for a response.  Faxes to chambers are not acceptable.

IV.        Motion Practice:  All motions and applications shall be governed by the Civil Rules, Bankruptcy Rules and Local Bankruptcy Rules, including pre-motion conference requirements. Pursuant to the authority provided by Fed. R. Civ. P. 16(b)(2), a motion for summary judgment will be deemed untimely unless a request for a pre-motion conference relating thereto (see Local Bankruptcy Rule 7056-1) is made in writing within fourteen (14) days after the close of fact discovery

or scheduled so in the Joint Pretrial Conference Order to be entered by the Court in compliance with the Discovery schedule stated above in paragraph (II)(g).

      V.    One courtesy copy of all motion papers shall be delivered to chambers as soon as practicable after filing.

      VI.    Unless prior permission has been granted, memoranda of law in support of and in opposition to motions are limited to 25 pages, and reply memoranda are limited to 10 pages.  All memoranda shall be double-spaced, 12-point font, with 1" margins.  Memoranda of 10 pages or more shall contain a table of contents and a table of authorities.

      VII.    Pre-Motion Conference:  A party seeking to move for summary judgment must first request a pre-motion conference.  The date and time of the pre-motion conference must be obtained from chambers.  Notice of the date and time of the pre-motion conference may take the form of a letter setting forth the issues in general terms and must be served upon all parties bound by this scheduling order or as otherwise required in the Bankruptcy Code and Federal Rules of Bankruptcy Procedure.

      VIII.    Summary Judgment Motions: A briefing and hearing schedule for summary Judgment motions or other dispositive motions must be set by the Court at the pre-motion conference in its Joint Pretrial Cofnernece Order. Compliance with S.D.N.Y. LBR 7056-1 is mandatory and shall include a joint statement of undisputed facts.  No reply to briefs or affidavits will be permitted.

So Ordered,



/s/ Cecelia G. Morris
_____
**Hon. Cecelia G. Morris**
**U.S. Bankruptcy Judge**

**Dated: February 12, 2024**
**Poughkeepsie, New York**

# Exhibit E

Motion to Withdraw Reference in

Weisshaus v. Maidenbaum

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| In the Bankruptcy Proceedings for a Chapter 11 Reorganization of | Bankruptcy Petition No.: 23-36038-cgm |
| AARON FISCHMAN, | |
| *Debtor,* | Adversary Proceeding No.: 23-09024 (CGM) |
| YOEL WEISSHAUS, | |
| *Creditor-Plaintiff,* | **SECOND DOCUMENTS DEMAND OF IN CAMERA INSPECTION** |
| -against- | |
| JONATHAN A. STEIN, and SHALOM MAIDENBAUM in his individual and official capacity on behalf of CARDIS ENTERPRISES INTERNATIONAL B.V. and CARDIS ENTERPRISES INTERNATIONAL N.V. and CARDIS ENTERPRISES INTERNATIONAL (USA), INC., | |
| *Creditors-Defendants,* | |
| and | |
| AARON FISCHMAN, | |
| *Debtor-Nominal Defendant.* | |

---

TO:   Defendant SHALOM MAIDENBAUM in his individual and official capacity on behalf of CARDIS ENTERPRISES INTERNATIONAL B.V. and CARDIS ENTERPRISES INTERNATIONAL N.V. and CARDIS ENTERPRISES INTERNATIONAL (USA), INC., JONATHAN A. STEIN (collectively as "Defendant") and Counsel:

Page 1

**PLEASE TAKE NOTICE** that pursuant to the Federal Rules of Civil Procedure; Plaintiff demands the following documents for the an in-camera inspection by Plaintiff, and all interested parties, of an in person examination all the original and wet ink documents demanded herein to be made available for inspection by Plaintiff on March 19, 2024, at 11:00 a.m., at the Courthouse located at 355 Main Street, Poughkeepsie, NY 12601 at the office of the Clerk of the Court:

<u>GENERAL INSTRUCTIONS</u>

Any references to "Defendant", "Defendants", "Defendant's" or "Defendant(s)" is treated as referring to each and every Defendant named within this lawsuit, individually and collectively, as may be appropriate.

If any objection is made to any of the following documents demands, the Defendant must state such objection and state the relevant legal or factual basis for such objection. If any objection is made based upon a claim of privilege as to any response, Defendant must state the legal or factual basis for the privilege invoked, and Defendant must provide a detailed privilege log to support the invocation of such privilege.

These documents demand seeks an in-camera inspection of the specific documents demanded in its original form, true original versions of such documents, complete with "wet (ink) signatures," coffee stains, and staple holes, and all indicia that the examined documents are, in fact, genuine.

Plaintiff requests that the documents be made available for this inspection at a place of convenience and mutually accommodating to the parties, the Plaintiff's address during normal business hours, and with the least possible disruption to the ordinary course of Defendant' duties and responsibilities.   Unless any other arrangement is made agreeable to the parties, Plaintiff designates the Courthouse located at 355 Main Street, Poughkeepsie, NY 12601 at the office of the Clerk of the Court, a place of convenience and mutually accommodating to the parties.

<u>DEMANDS</u>

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff requests that Defendant produce within thirty (30) days, the documents described herein and permit Plaintiff and his attorneys to inspect such documents for its authenticity:

1.      The confession of judgment in the principal amount of $275,000 issued by Aaron Fischman to Shalom S. Maidenbaum, against Cardis Enterprises International, B.V., Cardis Enterprises International, N.V., Cardis Enterprises International (USA), INC., Choshen Israel LLC, and Aaron Fischman, which is dated as notarized on May 4, 2015.

2.      The confession of judgment in the principal amount of $2,000,000 issued by Aaron Fischman to Shalom S. Maidenbaum, against Cardis Enterprises International, B.V., Cardis Enterprises International, N.V., Cardis Enterprises

International (USA), INC., Choshen Israel LLC, and Aaron Fischman, which is dated as notarized on May 4, 2015.

3.      The confession of judgment in the principal amount of $250,000 issued to Shalom S. Maidenbaum, by Aaron Fischman, which is dated as notarized on December 24, 2015.

4.      The confession of judgment in the principal amount of $50,000 issued by Aaron Fischman to Shalom S. Maidenbaum, which is dated as notarized on December 24, 2015.

5.      The promissory note in the principal amount of $275,000 issued by Aaron Fischman to Shalom S. Maidenbaum, on behalf of Cardis Enterprises International, B.V., Cardis Enterprises International, N.V., Cardis Enterprises International (USA), INC., Choshen Israel LLC, and Aaron Fischman, which is dated as notarized on February 23, 2015.

6.      The promissory note in the principal amount of $2,000,000 issued by Aaron Fischman to Shalom S. Maidenbaum, on behalf of Cardis Enterprises International, B.V., Cardis Enterprises International, N.V., Cardis Enterprises International (USA), INC., Choshen Israel LLC, and Aaron Fischman, which is dated as notarized on February 23, 2015.

7.     The promissory note in the principal amount of $250,000 issued by Aaron Fischman to Shalom S. Maidenbaum, which is dated May 4, 2015.

8.     The promissory note in the principal amount of $50,000 issued by Aaron Fischman to Shalom S. Maidenbaum, which is dated May 4, 2015.

9.     The Agreement between Aaron Fischman and Shalom S. Maidenbaum which is dated as made on December 8, 2010.

10.    The Promissory Note between Aaron Fischman and Shalom S. Maidenbaum which is dated as made on December 8, 2010, for a loan in the amount of $775,000.

11.    The Agreement between Aaron Fischman and Shalom S. Maidenbaum dated February 28, 2011.

## <u>Notice Pursuant to FRCP 37</u>

Please take notice that you are prohibited under FRCP 37 from introducing any document at any proceeding, trial or summary judgment, that was demanded by the forgoing demands, and you did not produce timely.  If you intend to rely on any document withheld that is responsive to this documents demand, please take notice that Plaintiff may exercise any relief available under FRCP 37, including to strike or preclude you from relying on such document to establish any claim or defense.

Dated: Forty Fort, PA
      February 26, 2024

Respectfully submitted,

Yoel Weisshaus
1713 Wyoming Avenue
Forty Fort, PA 18704
(917)335-1933
yoelweisshaus@gmail.com

*Plaintiff-Creditor*

# Exhibit F

Motion to Withdraw Reference in

Weisshaus v. Maidenbaum

| | |
|---|---|
| **Subject:** | Re: Re[2]: Fischman -- Weeisshaus v. Stein |
| **From:** | "Eric Berry" <berrylawpllc@gmail.com> |
| **Sent:** | 3/19/2024 12:31:13 PM |
| **To:** | "Yoel Weisshaus" <yoelweisshaus@gmail.com>; |

this is literally incoherent . Hire a real lawyer, Huebner is not intelligent


Eric W. Berry
Berry Law PLLC
745 Fifth Avenue, 5th Floor
New York, New York 10151
+1.212.355.0777 office
+1.917.940.3200 mobile
+1.212.750.1371 facsimile

website   https://www.berrylawnewyork.com



This e-mail and any files transmitted with it are confidential and are intended solely for the use of the individual or entity to whom they are addressed. This communication may contain material protected by the attorney-client privilege. If you are not the intended recipient or the person responsible for delivering the e-mail to the intended recipient, be advised that you have received this e-mail in error and that any use, dissemination, forwarding, printing, or copying of this e-mail is strictly prohibited. If you have received this e-mail in error, please contact the sender immediately


On Tue, Mar 19, 2024 at 11:46 AM Yoel Weisshaus <yoelweisshaus@gmail.com> wrote:
> Dear Mr. Berry,
>
> We need to meet and confer.
>
> Your clients defaulted on complying with the "Second Documents Demand to both Shalom Maidenbaum and Jonathon Stein for an in-camera review of certain documents". I was today at the Courthouse, 355 Main St, Poughkeepsie, NY 12601, from 10:50 a.m. until 11:30 a.m. and neither you nor anyone for Defendants appeared with the documents subject to the in camera review.
>
> Based on your clients default, it appears that your clients do not have the original documents sought in the "Second Documents Demand to both Shalom Maidenbaum and Jonathon Stein for an in-camera review of certain documents."

Kindly advise how would like to resolve this disobedience to the documents demands? Do your clients have the original documents sought in the "Second Documents Demand to both Shalom Maidenbaum and Jonathon Stein for an in-camera review of certain documents"? Will your clients produce such documents for an in camera inspection?

I expect your response.

Sincerely,

Yoel Weisshaus

> ------ Original Message ------
> From "Yoel Weisshaus" <yoelweisshaus@gmail.com>
> To "Eric Berry" <berrylawpllc@gmail.com>
> Cc "Anne Penachio" <Anne@pmlawllp.com>
> Date 2/26/2024 10:56:15 PM
> Subject Re: Fischman -- Weeisshaus v. Stein
>
>> Dear Mr. Berry,
>>
>> Attached herein are the following demands:
>>
>> - First Documents Demand to Shalom Maidenbaum
>> - First Documents Demand to Jonathon Stein
>> - Second Documents Demand to both Shalom Maidenbaum and Jonathon Stein for an in-camera review of certain documents.
>>
>> Please be aware that these documents demand are made without waiver of your client's obligation to provide Rule 26(a) disclosures, which they failed to provide timely.
>>
>> Sincerely,
>>
>> Yoel Weisshaus

# Exhibit G

Motion to Withdraw Reference in

Weisshaus v. Maidenbaum

| | |
|---|---|
| **Subject:** | Re: Fischman -- Weeisshaus v. Stein |
| **From:** | "Eric Berry" <berrylawpllc@gmail.com> |
| **Sent:** | 3/19/2024 2:55:40 PM |
| **To:** | "Yoel Weisshaus" <yoelweisshaus@gmail.com>; |

Sure
Sent from my iPhone

> On Mar 19, 2024, at 2:52 PM, Yoel Weisshaus <yoelweisshaus@gmail.com> wrote:

> Dear Mr. Berry,
>
> I agree that I'm "not Huebner," and I am unaware how the name "Huebner" is relevant to this case.
>
> The "Second Documents Demand to both Shalom Maidenbaum and Jonathon Stein for an in-camera review of certain documents" asked for a in-private review of certain original wet-ink documents in the presence of the Clerk's Office. You may not like the the term "in camera review" as presented here but your time to ask for clarity was before the compliance date March 19, 2024.
>
> I have asked you for an opportunity to meet and confer over Defendants failure to comply with the "Second Documents Demand to both Shalom Maidenbaum and Jonathon Stein for an in-camera review of certain documents". You seem to deny my request to meet and confer by interjecting the name "Huebner".
>
> This record speaks for itself.
>
> Sincerely,
>
> Yoel Weisshaus
>
>
> On Tue, Mar 19, 2024, 12:54 PM Eric Berry <berrylawpllc@gmail.com> wrote:
>> 1 you are not Huebner, and what do you mean by "in camera review"?
>>
>> Eric W. Berry
>> Berry Law PLLC
>> 745 Fifth Avenue, 5th Floor
>> New York, New York 10151
>> +1.212.355.0777 office

+1.917.940.3200 mobile
+1.212.750.1371 facsimile

website   https://www.berrylawnewyork.com



This e-mail and any files transmitted with it are confidential and are intended solely for the use of the individual or entity to whom they are addressed. This communication may contain material protected by the attorney-client privilege. If you are not the intended recipient or the person responsible for delivering the e-mail to the intended recipient, be advised that you have received this e-mail in error and that any use, dissemination, forwarding, printing, or copying of this e-mail is strictly prohibited. If you have received this e-mail in error, please contact the sender immediately

On Tue, Mar 19, 2024 at 12:46 PM Yoel Weisshaus <yoelweisshaus@gmail.com> wrote:
You are still required to comply with the "Second Documents Demand to both Shalom Maidenbaum and Jonathon Stein for an in-camera review of certain documents" no matter what you think of me.

On Tue, Mar 19, 2024, 12:31 PM Eric Berry <berrylawpllc@gmail.com> wrote:
this is literally incoherent . Hire a real lawyer, Huebner is not intelligent

Eric W. Berry
Berry Law PLLC
745 Fifth Avenue, 5th Floor
New York, New York 10151
+1.212.355.0777 office
+1.917.940.3200 mobile
+1.212.750.1371 facsimile

website   https://www.berrylawnewyork.com

Member badge image. Issued by New York City Bar Association

This e-mail and any files transmitted with it are confidential and are intended solely for the use of the individual or entity to whom they are addressed. This communication may contain material protected by the attorney-client privilege. If you are not the intended recipient or the person responsible for delivering the e-mail to the intended recipient, be advised that you have received this e-mail in error and that any use, dissemination, forwarding, printing, or copying of this e-mail is strictly prohibited. If you have received this e-mail in error, please contact the sender immediately

On Tue, Mar 19, 2024 at 11:46 AM Yoel Weisshaus <yoelweisshaus@gmail.com> wrote:
Dear Mr. Berry,

We need to meet and confer.

Your clients defaulted on complying with the "Second Documents Demand to both Shalom Maidenbaum and Jonathon Stein for an in-camera review of certain documents". I was today at the Courthouse, 355 Main St, Poughkeepsie, NY 12601, from 10:50 a.m. until 11:30 a.m. and neither you nor anyone for Defendants appeared with the documents subject to the in camera review.

Based on your clients default, it appears that your clients do not have the original documents sought in the "Second Documents Demand to both Shalom Maidenbaum and Jonathon Stein for an in-camera review of certain documents."

Kindly advise how would like to resolve this disobedience to the documents demands? Do your clients have the original documents sought in the "Second Documents Demand to both Shalom Maidenbaum and Jonathon Stein for an in-camera review of certain documents"? Will your clients produce such documents for an in camera inspection?

I expect your response.

Sincerely,

Yoel Weisshaus

------ Original Message ------
From "Yoel Weisshaus" <yoelweisshaus@gmail.com>
To "Eric Berry" <berrylawpllc@gmail.com>
Cc "Anne Penachio" <Anne@pmlawllp.com>
Date 2/26/2024 10:56:15 PM
Subject Re: Fischman -- Weeisshaus v. Stein

Dear Mr. Berry,

Attached herein are the following demands:

- First Documents Demand to Shalom Maidenbaum
- First Documents Demand to Jonathon Stein
- Second Documents Demand to both Shalom Maidenbaum and Jonathon Stein for an in-camera review of certain documents.

Please be aware that these documents demand are made without waiver of your client's obligation to provide Rule 26(a) disclosures, which they failed to provide timely.

Sincerely,

Yoel Weisshaus

# Exhibit H

Motion to Withdraw Reference in

Weisshaus v. Maidenbaum

| | |
|---|---|
| Yoel Weisshaus | Is this Mr. Berry? |
| Eric Berry | Yes |
| Weisshaus | This is Yoel Weisshaus |
| Berry | Yes |
| Weisshaus | So, I'm calling to meet and confer because under rule FRCP 34, the party is entitled to inspect certain documents. I requested to see the original confessions of judgement and promissory notes, and it was scheduled to be shown to me in front of the Clerk's office on March 19th at 11 am in the bankruptcy court of Poughkeepsie, and nobody showed up, so how can we resolve this? |
| Berry | Umm… why did you… choose a location that's hundreds of miles from where my client is, or a hundred miles? |
| Weisshaus | It's where the case is located, it's where the parties are litigating, you brought a counterclaim in that court, you brought an adversary proceeding against- two adversary proceedings against Mr. Fischman in that court, I don't know if that's- how that would make a problem to you, that's number one. Number two, if you wanted a different place, you could've asked before that, but it needs to be in a courthouse in a public setting where you would be- |
| Berry | Says who? |
| Weisshaus | Where we would be- where both parties would be secured, and there would be no disturbances of any kind |
| Berry | But, we're not gonna do this in a courthouse, you wanna come to Long Island and look at some documents my client has in Long Island, you can do it there. |
| Weisshaus | This case is being litigated through the Southern District, okay? |
| Berry | Okay, but we're not gonna go to Poughkeepsie. |

Weisshaus   I know

Berry   We'll make production, we'll make it available

Weisshaus   So you're asking me to travel hundreds of miles

Berry   Well we didn't (indiscernible) in Pennsylvania

Weisshaus   What?

Berry   How is Long Island any further from where you are than Poughkeepsie?

Weisshaus   It makes no difference, the case is being litigated in the Southern District

Berry   That has nothing to do with anything, okay

Weisshaus   So if you don't wanna produce it-

Berry   Did you get permission from the Clerk to use his office for this purpose?

Weisshaus   What?

Berry   Did you get permission from this Clerk to use his office for that purpose?

Weisshaus   Which- I don't understand your question

Berry   When I called the Clerk yesterday he said he hasn't seen you

Weisshaus   I was sitting right outside the Clerk's office waiting for you, then when I- okay? I was there the whole time

Berry   Why didn't you call me when you were there?

Weisshaus   Because in the Courthouse I'm not allowed to have cellphones inside the Courthouse

Berry   You couldn't walk outside and call me?

Weisshaus   No

Berry        Alright, this is nonsense, okay

Weisshaus     Because I left my phone in the car when I went into the
             Courthouse, so this- it makes no difference, because you're
             saying you wanted Long Island, you're just looking for
             excuses, you gotta make up what excuse you wanna stick to,
             but it needs to-

Berry        Did you claim these documents are forged?

Weisshaus     It makes no difference, I'm entitled to inspect them

Berry        Alright

Weisshaus     And I'm entitled to see that the documents we're litigating on
             If it's consistent with the original

Berry        Well, no, that's not-

Weisshaus     And if there's any modifications to the documents or anything
             that is not original, I'm entitled to see that

Berry        I've dealt with a lot of pro se litigants over the years. Most of
             them have some ability to at least understand the rudiments of
             law. You don't. You're not capable of actually conducting
             yourself for a lawsuit, you're not knowledgeable enough. So,
             everything you say is wrong, and I mean I understand that
             you've been trained by Levi Huebner, but Huebner is not a
             real lawyer, he's a hard-end criminal, and we are in the
             process of trying to get him disbarred and indicted, okay? So,
             this is gonna be a very serious matter if you continue down
             this path, you're gonna get sucked up into it, you can do
             whatever you wanna do, but you can't make up stuff out of
             whole cloth. I know the rules, you don't, if you want to
             inspect these documents in the vicinity of Shalom's office,
             we'll make them available to you, if you want us to travel
             hundreds of miles, no, we're not gonna do that, okay? You say
             something and it's just completely ridiculous-

Weisshaus     I'm trying to understand, you're saying that I'm lying?

Berry          Listen - I'm going to give you a lesson in the standard of
               bankruptcy fraud, alright? So, we are not-

Weisshaus       I'm trying to understand, you're accusing me of committing
               bankruptcy fraud?

Berry          Bankruptcy fraud, yeah yeah

Weisshaus       What is the bankruptcy fraud?

Berry          False allegations in the bankruptcy case for the purpose of
               interfering with the work of the trustee and plaintiffs

Weisshaus       And you're accusing Levi Huebner also of being a criminal?

Berry          of course he's a criminal, everyone knows that

Weisshaus       And you're saying that you're in the process of disbarring
               him?

Berry          We're in the process of bringing complaints against him of
               course, he knows that

Weisshaus       So you're saying I'm not intelligent?

Berry          No, I'm saying you're not knowledgeable enough of the facts
               of an attorney. And you should be hiring an attorney if you're
               gonna bring a lawsuit, even the attorney would tell you, you
               cannot bring this lawsuit, you can't demand we travel all over
               the state to produce documents that could be easily emailed to
               you, and in fact-

Weisshaus       I asked to see the original documents-

Berry          Well I don't care what you asked for

Weisshaus       Under rule-

Berry          Okay, so go ahead and ask, make a motion

Weisshaus       Under rules of civil procedure 34 I have the right to inspect-

Berry          But don't you think that- but why don't you subscribe to
               Westlaw and read the case law under rule 34?

| | |
|---|---|
| Weisshaus | And Rule 34 says I have a right to see the original, I'm not asking you to give it to me, you can hold onto the original copies |
| Berry | Sure and I respect that |
| Weisshaus | But, I would like to see the originals |
| Berry | No, I don't believe that's the case, you haven't made allegations of forgery, and under Federal Rules of Evidence, a copy is just as good as the original |
| Weisshaus | No, there's a question in whether (indiscernible) |
| Berry | Well, I disagree with you, okay? You're smart, okay? You say you're smart, you know what you're doing, but- and I disagree with that also, so if you don't wanna do it our way then you can make a motion |
| Weisshaus | So because you think I'm unintelligent, and because you think that Levi Huebner is a criminal- |
| Berry | No, I think that you don't have a right to file it |
| Weisshaus | Therefore you are refusing to comply |
| Berry | So, to cause us to travel to Poughkeepsie, just so you can look at documents, you can travel to Long Island and look at them. That's what I'm saying, you're being uncivil |
| Weisshaus | So what does me being a criminal, Levi Huebner being a criminal have to do with responding to- |
| Berry | No, we're not talking about Levi Huebner, you're the one who keeps talking about this guy |
| Weisshaus | But you brought it up, I'm trying to understand it, what difference does it make? I made a request to see the original documents- |
| Berry | Because you're not entitled to it, don't you understand anything? Okay? |

Weisshaus    Show me the basis of why I'm not entitled to respond-

Berry        Because you're- I disagree, if you disagree with me about interpretation of law, Get the Judge to rule in your favor

Weisshaus    No, well, you didn't provide the response to the document demand

Berry        Well, I don't have to

Weisshaus    So you don't take your options

Berry        You didn't do it properly

Weisshaus    Okay

Berry        Okay?

Weisshaus    So just because you think I didn't do it properly, therefore you don't have to comply?

Berry        You didn't do what you're supp- You did not do what you were supposed- okay. So, do whatever you wanna do, okay? But I'm gonna make your life really fucking ugly, you understand this?

Weisshaus    Okay, so you're threatening me?

Berry        I'm threatening you, God damn it, don't you understand a threat when you hear one? Of course I'm threatening you. I am threatening you. We are going to proceed aggressively against you, so you don't try this crap again, okay?

Weisshaus    Okay

Berry        Okay? We're going to sue you, we're gonna get you sanctioned, we're gonna try to get a judgement against bankruptcy Court, and we're gonna report you to all the governmental agencies that concern bankruptcy fraud, and we're gonna continue to do this for the rest of your life

Weisshaus    Okay

Berry            Alright? So get used to it

Weisshaus        So this is a threat?

Berry            Well, if you like that now, you're really not gonna be liking it
                 in two months from now-

Weisshaus        So I should really be scared?

Berry            And even if we get this thing dismissed, we're gonna sue you,
                 and we're gonna continue to sue you, and we're gonna take
                 every single dollar that you caused Shalom to take in needless
                 attorney fees, okay? You're- okay. Now you little Goddamn
                 baby, you listen to me for a second, okay? In these documents
                 that you apparently think are fictitious, Mr. Fischman has
                 repeatedly stated he has no defense to claims the loans have to
                 be repaid. He wrote that, I didn't write it, okay? Now, you
                 think you caused us to spend a lot of money, not
                 understanding that this his writing, alright? You wanna do
                 what you wanna do, that's fine But I'm gonna make your life
                 miserable, okay? Because you're not allowed to do this, we
                 have all sorts of rights against you, as does the US Attorney,
                 as does the US Trustee, alright? And if you think that this is
                 the way you're conducting yourself, this is inadequate, then
                 you just defend when we bring you claims, just defend them,
                 alright? But don't whine at me and claim that I'm not going to
                 Poughkeepsie to show you documents, when I don't have to
                 do any such thing, alright?

Weisshaus        Noted

Berry            Okay, so you can just- and if you think I'm-

Weisshaus        When-

Berry            I'm agreeing with you, I am threatening you. I am warning
                 you, that if you continue down this path, the number of claims
                 we bring against you is going to increase, the series number is
                 going to increase, and our discussions with the people who
                 can really make your life difficult are gonna continue and are

|  |  |
|---|---|
|  | gonna increase, alright? And if you don't like it, that's your problem, alright? |
| Weisshaus | So which gang are you referring to? |
| Berry | If you wanna come to Long Island, just look at the documents, we can set an- what? |
| Weisshaus | Which gang are you referring to that's gonna make my life miserable? |
| Berry | I don't have to divulge that, okay? |
| Weisshaus | Okay, so you are going to organize that? |
| Berry | We are gonna just invoke all the rights the creditors have, including rights to petition the government to intervene and restrain people who are interfering with the creditors' rights in the bankruptcy case, okay? |
| Weisshaus | Okay, so how is that- how am I not a creditor with my own rights? |
| Berry | Yeah I know you're a creditor now, but you're wasting everyone's time, alright? So just leave it alone, alright? If you want to come to Long Island, go to Long Island, look at the documents. If you wanna make a motion to the Judge, to tell- To get the Judge to order that we have to drive to Poughkeepsie, so you do that, but don't sit on the phone and continue to whine to me about stuff that I don't care about, okay? There's no place- |
| Weisshaus | So you consent to bringing a motion without an informal discovery conference? |
| Berry | You have the instructions, bring the motion now |
| Weisshaus | I should bring the motion without an informal discovery conference? |
| Berry | I don't care, we're not gonna fight you on that attitude thing, if you wanna have a conference- |

| | |
|---|---|
| Weisshaus | I'm asking for your consent. I'm asking if you're consenting to bringing a motion to compel without an informal discovery conference? |
| Berry | Why don't you come to Long Island and look at the damn things? |
| Weisshaus | Okay, why can't you bring it to the Courthouse? |
| Berry | Because I'm not gonna do it if it's not reasonable, and you can't just take over a Clerk's office for a document inspection- |
| Weisshaus | No, I can meet people in front of the Clerk's office |
| Berry | Oh you say so? Okay, alright, fine |
| Weisshaus | I was right outside the Clerk's office |
| Berry | (indiscernible) okay, if you're saying (indiscernible) okay, fine. You make your motion now or request a conference. Do whatever you wanna do, but let me off the phone, because I made myself clear that we think that what you're doing is illegal, violates bankruptcy law, has criminal implications, and you're doing it intentionally, and you can't- and you're a helpless individual who doesn't understand things, so I gotta warn you, that you're gonna get in- my obligation as a lawyer is to make it clear, that if you proceed down this path, it's gonna get uglier for you, alright? |
| Weisshaus | So you're gonna bring criminal charges against me? |
| Berry | I'm not gonna bring criminal charges, I'm saying that what you're doing is a crime |
| Weisshaus | What is the crime here? |
| Berry | The crime is bankruptcy fraud |
| Weisshaus | What is the fraud? |
| Berry | Lying |

Weisshaus    What am I lying about?

Berry    That you're claiming there's no consideration of these documents, that Fischman didn't know what he's signing, that these documents are inauthentic, that they're unenforceable, these are all absolutely false allegations

Weisshaus    Okay, and I don't have a right to litigate them?

Berry    And you know they're false, and therefore you can't make them, alright?

Weisshaus    I have yet to see the check of two million dollars

Berry    I sent you all sorts of checks

Weisshaus    But it's not disclosed in the confession of judgement, is it?

Berry    They add up, it's all been explained, you know it

Weisshaus    No, I-

Berry    Question, do you know- I don't know what the fuck, there is no-

Weisshaus    (indiscernible) judgement we had that we showed them

Berry    There is no real- okay. There is no world, in which I have to put up with this level of complete bullshit from some babbling fucking moron, alright? I do not have to put up with this. You've been given the checks, you can do the math, take out your little calculator

Berry    Add them the fuck up, alright? Stop being a little fucking pathetic baby, alright? Okay? You think you got a lawsuit here? Fine, we'll teach you otherwise, alright? You are now warned, I'm not threatening you, I'm warning you

Weisshaus    Can you send me the warning by email?

Berry    I have sent you- you do whatever you fucking wanna do, but we had our meet and confer, okay? You wanna sue me, sue Shalom, make the motion, do whatever you wanna do, but

don't take up another minute on my phone, we came- we agreed that you can come to Long Island and look at the originals (indiscernible), also-

Weisshaus     I asked to see them in the Courthouse

Berry          Well then I disagree with you, you're not entitled to that

Weisshaus     Why not?

Berry          Because of content of the rule, it's not a reasonable place

Weisshaus     Okay, so why is it not a reasonable place?

Berry          Because it's a hundred twenty miles from where

Berry          Shalom is

Weisshaus     It's within the district of the Courthouse

Berry          You're saying so, but Shalom is not within the district, you gotta come to his district, alright?

Weisshaus     How is it a hundred miles away?

Berry          I don't know what the difference- distance between Woodmere and Poughkeepsie is, I would guess a hundred miles

Weisshaus     But your office is located in Manhattan in the Southern District

Berry          Well then say that notice of production from my office is, and we'll do it there

Weisshaus     No, I'm asking to see it in the Courthouse

Berry          Well then we'll make it- okay, okay.

Weisshaus     Because you are a vile person and I cannot- I don't trust being with you in one room

Berry          We're not gonna have you arrested if you come to my office, okay? If that's your concern-

| | |
|---|---|
| Weisshaus | You have made violent threats on the phone now, so why should I wanna be with you in one room? |
| Berry | I don't wanna be with you, if you don't wanna interact with the other party, then you can't be a litigant. If you wanna do these things without being yelled at, you're in a fantasy world, because any lawyer putting up with your bullshit is not gonna put up with your bullshit, you're gonna get yelled at, alright? You brought a lawsuit based on documents that are completely contradictory to what your claims say, okay? So you waste everyone's time, you're not allowed to waste my time, I have better things to do, alright? So you can make a motion or you can come to either Manhattan or Long Island to look at the documents, but we're not gonna take them to Poughkeepsie |
| Weisshaus | Okay, I appreciate it, I'll let the Court know, okay? |
| Berry | Do whatever you wanna do |
| Weisshaus | Well, if that's what you want me to do, I'll do it |
| Berry | But what do you wanna do? You tell me something, what do you wanna do next? Stop saying why, because I don't know (indiscernible), what you have to (indiscernible) |
| Weisshaus | I asked you to see it at the Courthouse, if you're telling me Poughkeepsie is too far, you want White Plains, I'll do White Plains |
| Berry | You wanna do it in the Courthouse of Long Island, like the Eastern District? |
| Weisshaus | No, Eastern- Long Island is too far from me, okay? If you wanna do in White Plains, I can do that, I can accommodate it |
| Berry | Where? |
| Weisshaus | You can take right here from Long Island the bridge right over to White Plains, it's a half an hour drive, okay? |

Berry        Okay, we'll do it in White Plains

Weisshaus     So which day? Would you like to do this Friday?

Berry        No I've got a- no, because I have a trial I'm getting ready for

Weisshaus     So, next week we have the depositions, Wednesday and
             Thursday, wanna do it next week Friday?

Berry        Okay

Weisshaus     Can we schedule it for next week Friday 11 am?

Berry        Send me an amended notice

Weisshaus     Okay, I'll send you a notice, okay?

Berry        Okay

Weisshaus     Thank you, bye

Berry        Bye

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
_____

In the Bankruptcy Proceedings for a Chapter 11   Bankruptcy Petition No.: 23-36038-cgm
Reorganization of

AARON FISCHMAN,

*Debtor,*

YOEL WEISSHAUS,                                   Adversary Proceeding No.: **23-09024-cgm**

*Creditor-Plaintiff,*          **CERTIFICATE OF SERVICE**

-against-

JONATHAN A. STEIN, et al,

*Creditors-Defendants,*

and

AARON FISCHMAN,

*Debtor-Nominal Defendant.*
_____

Yoel Weisshaus certifies under the laws prohibiting perjury that on April 4,

2024, the following parties were served by email of the Plaintiff's answer to the

Defendants counterclaims:

| Eric Berry, attorney for Defendants Shalom Maidenbaum and Jonathan Stein, berrylawpllc@gmail.com | Penachio Malara LLP attorneys for Debtor, Anne@pmlawllp.com |
|---|---|

Dated: Forty Fort, PA
April 4, 2024

Respectfully submitted,

_____
Yoel Weisshaus